THE BAKER WIRE COMPANY v. FREEMAN KINGMAN *et al.*

ATTACHMENT — *Affidavit — Sufficiency — Amendment.* The plaintiff in an action upon a claim before due, obtained an attachment upon an affidavit which sets forth the grounds therefor as follows: The defendants "are about to convert a part of their property into money for the purpose of placing it beyond the reach of their creditors; have property which they conceal; have rights in action which they conceal; have assigned, removed and disposed of a part of their property with intent to hinder, delay and defraud their creditors; are about to assign, remove and dispose of a part of their property with intent to hinder, delay and defraud their creditors." The defendants moved to discharge the attachment for insufficiency of the

affidavit, and the court held the affidavit to be insufficient; when the plaintiff immediately asked leave of the court to file an amended affidavit, which was then and there presented to the court, and was amply sufficient under § 230 of the civil code, but the court refused, and discharged the attachment. *Held,* Error.

*Error from Saline District Court.*

THE plaintiff *Company* brings here for review a certain order discharging an attachment made on July 6, 1888. The case is stated in the opinion.

*Lovitt & Norris,* for plaintiff in error.

*Garver & Bond,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Saline county, on June 21, 1888, by the Baker Wire Company, a corporation of the state of Iowa, against Freeman Kingman, Frank Kingman, A. D. Kelley, and J. T. Kelley, copartners as Kingman & Kelley, to recover on two promissory notes and an account not due. An affidavit was filed in the case for an attachment, setting forth among other grounds therefor, that the defendants —

"Are about to convert a part of their property into money for the purpose of placing it beyond the reach of their creditors; have property which they conceal; have rights in action which they conceal; have assigned, removed, and disposed of a part of their property with the intent to hinder, delay and defraud their creditors; are about to assign, remove, and dispose of a part of their property with intent to hinder, delay and defraud their creditors."

An order of attachment was granted by the probate judge, issued by the clerk of the district court, and levied upon property of the defendants by the sheriff. Afterward the defendants filed a written motion to discharge the attachment for the alleged reason that the grounds set forth in the foregoing affidavit were not true. This motion, coming on to be heard in the district court, the defendants then interposed an oral motion to discharge the attachment because of the alleged in-

sufficiency of the aforesaid affidavit. The court then held that the affidavit was not sufficient, and thereupon the plaintiff asked leave of the court to file an amended affidavit, which was then and there presented to the court, but the court refused, and discharged the attachment; and to reverse this ruling of the district court, the plaintiff, as plaintiff in error, brings the case to this court.

The original affidavit filed in this case was drawn principally under § 190 of the civil code, and was sufficient for an attachment if the claim upon which the action was brought had been due; but as before stated, the claim was not due, and hence the affidavit should have been drawn exclusively under § 230 of the civil code, which reads as follows:

"SEC. 230. Where a debtor has sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts, or is about to make such sale or conveyance or disposition of his property, with such fraudulent intent, or is about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his creditors, or of hindering or delaying them in the collection of their debts, a creditor may bring an action on his claim before it is due, and have an attachment against the property of the debtor."

It will be seen that the grounds for the attachment as stated in the original affidavit were not stated in the form prescribed by § 230 of the civil code, and were therefore subject to criticism; but the plaintiff presented an amended affidavit which was in every way sufficient under § 230 of the civil code, and we think the court should then, instead of discharging the attachment, have overruled the defendants' second motion, and should have permitted the plaintiff to amend its affidavit by filing its amended affidavit. It will be noticed that the grounds set forth in the original affidavit, and the grounds required by § 230 of the civil code, and which were amply set forth in the amended affidavit, are not so very different. That affidavits for attachment may be amended, see the following cases: *Burton v. Robinson,* 5 Kas. 287; *Ferguson v. Smith,* 10 id. 396;

*Wells v. Danford*, 28 id. 487; *Tracy v. Gunn*, 29 id. 508; *Bunn v. Pritchard*, 6 Iowa, 56.) And that courts may commit material and substantial error by discharging attachments for insufficient affidavits, without giving the plaintiff in the particular case an opportunity to amend his affidavit, see the second, third and fifth of the above-cited cases.

The order of the court below discharging the attachment will be reversed, and the cause remanded, with the order that the court below permit the plaintiff to amend its affidavit as requested, and for further proceedings.

All the Justices concurring.