Moser v. Wagstaff.

No. 462.

\*ELIAS MOSER et al., *Appellants*, v. MARTHA P. WAGSTAFF, *Appellee.*

HEADNOTE OF THE REPORTER.

ORDER OF ATTACHMENT—*Return of Sheriff—Description of Property— Appraisement.* Where the return on an order of attachment did not describe the property attached, but it referred to the inventory and appraisement in which was the necessary description, and which was a necessary part of the return, the attachment was valid.

Appeal from Brown district court. Opinion of the Kansas Court of Appeals, Northern Department, Eastern Division, filed December 15, 1898. Affirmed.

*James Falloon,* of Hiawatha, for the appellants.

*R. T. Herrick,* and *Guthrie, Austin & Wilson,* for the appellee.

*Per Curiam:* This action was brought by Elias Moser and Simon Fraser upon two promissory notes given by John H. Fraser and secured by said John H. Fraser and his wife, Margaret J. Fraser, by a mortgage upon a lot in Hiawatha, dated May 23, 1888. The petition alleges that on May 30, 1884, said lot was the property of Thomas G. Wagstaff, and said Thomas G. Wagstaff and his wife, Martha P. Wagstaff, conveyed the lot to William Welcome; and William Welcome and his wife, Fannie Welcome, conveyed it to said Martha P. Wagstaff; and that said deed from the Wagstaffs to Welcome and the one from Welcome to said Martha P. Wagstaff were without consideration and made solely to defraud the creditors of said Thomas G. Wagstaff; that in 1887 John H. Fraser recovered a judgment in said court against Thomas G. Wagstaff, and said town lot which had been therein attached was ordered sold to pay said judgment, and said property was on April 6, 1888, sold to said John H. Fraser; that said sale was duly confirmed and a deed made therefor; that since the year 1884 said

*NOTE.—This case was not reported in full when the opinion was filed (see 8 Kan. App. 855), and is reported here because it was cited in the case of *Schultz v. Stiner,* ante, p. 555.

Martha P. Wagstaff has been a nonresident of this state, and has not been in the state since said date; that Arnold Moser obtained a tax deed on said lot, which was void; and praying judgment against the said John H. Fraser upon the notes sued on and a foreclosure of the mortgage securing the same; that the deed by which the title was attempted to be conveyed to said Martha P. Wagstaff be declared fraudulent and void and the tax deed set aside.

The principal issues in the case, and the only ones which we are called upon to consider, were between the plaintiffs therein and the defendant, Martha P. Wagstaff, and relate: First, to the question of the validity of the proceedings which culminated in the sheriff's deed to John H. Fraser; and second, to the validity of the transfer of the lot in question from Thomas G. Wagstaff through William Welcome to said Martha P. Wagstaff.

These issues were tried to the court, who submitted certain special questions of fact to a jury and made certain additional findings of his own. As conclusions of law the court found:

1. That the tax deed of Arnold Moser is void and that said Arnold Moser has a first lien on said lot for $219.27.

2. That the plaintiffs recover a judgment against the defendants John H. Fraser and Margaret J. Fraser for $2221.63, to draw interest at ten per cent per annum; that the same is a valid mortgage lien on said lot, second and subject only to the lien for taxes in favor or said tax-deed holder.

3. That the excess in value of said lot over the two liens belongs to Martha P. Wagstaff.

4. That the plaintiff recover costs of said Martha P. Wagstaff.

Thereupon judgment was rendered accordingly and the matter brought to this court for review.

1. It is contended by the defendant that the court erred in admitting the attachment order and return, judgment, order of sale and sheriff's deed in the case of *John H. Fraser v. Thomas J. Wagstaff;* first, because no copy of the attachment order was left with the occupant or posted on the premises; second, because the property attached was not described in the return; third, that no lien was created thereby and that the sheriff's deed was void. The return itself did not describe

the property attached, but it referred to the inventory and appraisement which formed a part of it, in which was the necessary description.

On the authority of *Dunlap v. McFarland, Adm'r*, 25 Kan. 488, and *Wilkins v. Tourtellott*, 42 Kan. 176, 22 Pac. 11, the omission in the return of the statement of service of a copy is a mere irregularity and does not render the attachment void. As the second allegation of error as argued in the defendant's brief is founded upon the supposed invalidity of the attachment, it requires no special consideration.

The second reason why it is claimed the demurrer to the evidence should have been sustained is that there was no evidence to sustain the allegation of the plaintiff that the transfer of title to the lot from Wagstaff to his wife was fraudulent. As was said by Brewer, J., in *Kurtz v. Miller*, 26 Kan. 314:

"A fraudulent purpose is known only to the parties to the transaction, and they do not hasten to tell it. As a rule, fraud, therefore, only is disclosed by the condition of the parties, the details of the transaction, and the surrounding circumstances. The evidence is usually circumstantial." (p. 318.)

We think there was sufficient evidence to go to the jury, and the court did not err in overruling the demurrer nor in overruling the motions of said defendant based upon the alleged insufficiency of the evidence.

We have examined the instructions refused and the instructions given, complained of by the defendant, and we are satisfied that the court properly and correctly instructed the jury on the law of fraud as applicable to this case. A careful consideration of all the allegations of error argued by the plaintiffs in their brief fails to satisfy us that the court below committed any reversible error herein.

The judgment of the court below is affirmed.