E. B. LEWIS, *as Administrator, etc.*, V. SUSAN E.
WOODRUM.

No. 15,178.   (92 Pac. 306.)

SYLLABUS BY THE COURT.

1. PRACTICE, PROBATE COURT—*Final Settlement—Apportionment
—Distribution.* Due notice of a proposed final settlement of
an estate having been given, the probate court has jurisdic-
tion to make the settlement, apportion the residue of the
estate among those entitled to share in it, and to order distri-
bution.

2. ——— *Conclusiveness of Order of Distribution.* Such order
is binding and conclusive upon all having notice of the pro-
ceeding, unless vacated or set aside upon the grounds and by
the methods prescribed by statute.

3. JUDGMENTS—*Correction after Expiration of the Term.* An
error in the judgment itself cannot be corrected after the
term at which it was rendered under the code provision au-
thorizing courts of record to modify or vacate their own judg-
ments for "irregularity in obtaining a judgment or order."
(Gen. Stat. 1901, § 5054.)

Error from Brown district court; WILLIAM I.
STUART, judge.   Opinion filed October 5, 1907.   Re-
versed.

*Ryan & Ryan,* for plaintiff in error.

*James Falloon,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.:  This is an appeal from an order
of distribution made by the probate court of Brown
county in connection with the final settlement of an
estate.   Emily F. Lewis died leaving four children,
namely, E. B. Lewis, George W. Lewis, Addie R. Wells,
and Susan E. Woodrum, and E. B. Lewis was appointed
administrator of his mother's estate.   An inventory
and appraisement disclosed that the estate consisted of
money in the bank, amounting to $33.15, and a mort-
gage against M. E. Wells and Addie R. Wells securing

an indebtedness of $3000. In due time a notice was published by the administrator informing the creditors and others that he intended to make a final settlement and distribution of the estate; and on the appointed day a hearing was had in the probate court, which found that due notice had been given and that the estate had been fully administered and was ripe for final settlement. In the settlement it was found that the administrator was chargeable with $3995.65, and for claims allowed and paid he was entitled to credit for $447.51, leaving a balance in his hands of $3548.14. Among other things the court found:

"That this is a case where the appointment of an administrator was not necessary, the fund which was taken possession of by said administrator and reported to this court having been made up by said E. B. Lewis, George W. Lewis and Addie R. Wells in the lifetime of said Emily F. Lewis, and a mortgage taken to provide a security fund for the support and maintenance of the said Emily F. Lewis during her life, she having sold all of her interest in the land of her deceased husband, and her care, support and maintenance being a part of the consideration therefor, and the said sum being in fact no part of the estate of the said Emily F. Lewis, but belonging under said arrangement to said three mentioned children."

The court thereupon ordered and adjudged that the balance of $3548.14 be distributed in three equal parts, one-third to E. B. Lewis, one-third to George W. Lewis and one-third to Addie R. Wells, and specifically ordered that no part of the sum should be distributed to Susan E. Woodrum. In the order the administrator was discharged and his bondsmen relieved from further liability. This order was made on February 9, 1904, and it was then found that Susan E. Woodrum had actual notice of the hearing which resulted in the order, but no appeal from the decision was taken. On March 19, 1907, Susan E. Woodrum filed a motion in the probate court alleging that she was a daughter and heir of the decedent and entitled to her share of the

estate; that she had no notice that the court would make a distribution; and she asked that the order be set aside and that she be given her distributive share of the estate. The motion was heard and denied on May 4, 1907, and from that ruling Susan Woodrum took an appeal to the district court. At a hearing in that court it was decided, without testimony, upon the papers brought up on appeal, that Susan Woodrum was one of four heirs of the decedent; that there was an estate of $3548.14 for distribution; and that Susan Woodrum was entitled to a one-fourth share of the amount, unless testimony was offered to show that it should be otherwise distributed. The court ruled that the burden of proof to make that showing was upon the administrator, although the judgment of the probate court was in his favor. On the record of the appeal alone a judgment awarding Susan Woodrum a one-fourth share of the estate was given, and of this complaint is made.

The ruling cannot be upheld. The probate court had power to hear and determine the question submitted for its decision. Susan Woodrum had both constructive and actual notice of the hearing and must be deemed to have had her day in court. That court found from the evidence that she was not entitled to a share in the residue of the estate, and, as already decided, it has power in such a hearing to determine who is entitled to the funds in the hands of the administrator and all questions necessary and proper to the distribution of the estate.

"The final settlement and closing up of an estate is a judicial determination to which all interested are summoned, and by which all having a day in court are concluded. (*Musick v. Beebe, Adm'r,* 17 Kan. 47.) It is in the nature of a final judgment that the estate is fully administered, intended as a protection for the administrator and his sureties, and is ordinarily conclusive and final, unless vacated by appeal, impeached for fraud, or set aside by direct proceedings brought for that purpose." (*Proctor v. Dicklow,* 57 Kan. 119, 125, 45 Pac. 86.)

Although the judgment was binding upon her, she allowed the time for appeal to pass without taking any steps, and has not attacked the judgment on the ground of fraud. After the judgment had become final she asked that court to open up its judgment, retry the question of her right to a share of the estate, and determine that she was entitled to a one-fourth interest. The application was based on the last clause of the third ground of section 568 of the civil code (Gen. Stat. 1901, § 5054), authorizing the district court or courts of record to modify and correct their own judgments. The specific ground is "irregularity in obtaining a judgment or order." The application was denied, and Woodrum sought by an appeal from a denial of the motion to have a retrial not only of that motion but also of the questions settled by the final judgment, from which no appeal had been taken, and this after the time for an appeal had expired. In that way she would extend the time for taking an appeal and practically destroy the limitation imposed by statute upon appeals.

Assuming, however, that the probate court could then have modified its judgment, the relief sought could not have been granted on the application which was made. That of which she complained was not an irregularity in obtaining the judgment, but it was an error of law in rendering the judgment. No irregularities were charged against the parties, the court or its officers, but according to her theory a wrong decision upon the facts presented was made by the court. After the term of court expired and its judgment had become final it could not be opened or modified except for the causes and in the manner prescribed by statute. The relief she asked did not come within the statutory ground assigned in her motion and was rightfully refused by the probate court. While she was probably entitled to take an appeal from the decision of the probate court denying the motion, it was error for the district court to set aside the decision for any of the causes assigned.

It is strongly urged that a great wrong to Susan Woodrum, the acknowledged daughter of the decedent, was effected by the order of distribution, but if that is so it is doubtless open to correction in some authorized and appropriate proceeding.

The judgment of the district court is reversed and the cause remanded for further proceedings.