L. ECKHARDT, *Appellant*, V. F. M. TAYLOR et al.,
*Appellees*.

Nos. 18,198 and 18,734.

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Attachment for Rents—Affidavit—Defective but Not Void*. An affidavit for attachment which omits the amount claimed as rent, although made under a statute requiring that to be stated, is not void, where it gives the total amount of the plaintiff's demand, and a pleading on file shows how much of it is for rent.

2. LANDLORD—*Has Lien on Crops for Rent—Also May Have General Attachment*. The landlord and tenant act gives a lien for rent, which may be enforced by attachment, to be levied only on the crop. But it also authorizes a general attachment for rent whenever certain acts are done by the tenant, and this may be levied upon any nonexempt property.

3. LEASE—*Agreement to Repair Fences—Not Modified by Local Custom*. An agreement in a lease that the tenant is to keep in repair the fences surrounding the premises is not subject to modification by evidence of a local custom for persons handling cattle to make repairs in the fences inclosing them.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed November 8, 1913. Modified.

*G. H. Buckman*, and *S. C. Bloss*, both of Winfield, for the appellant.

*Emil H. Koehl, C. T. Atkinson*, both of Arkansas City, *A. M. Jackson*, and *A. L. Noble*, both of Winfield, for the appellees.

The opinion of the court was delivered by

MASON, J.: L. Eckhardt executed to F. M. and J. N. Taylor a lease on farming land containing various agreements on each side. One of them was that the Taylors could use an adjacent pasture, not included in the lease, for a reasonable rent. Eckhardt sued them before a justice of the peace for the rent of the pasture,

Eckhardt v. Taylor.

which he placed at $125, and also for the balance due on an account, and for damages resulting from their failure to perform the agreements of the lease. An attachment was issued and levied upon a quantity of hay and upon some live stock. The case was taken to the district court, where the attachment was held to be void. Upon a trial the defendants recovered. The plaintiff appeals.

The plaintiff proceeded under the statute giving the landlord a lien on the crop, for the rent of farming land, to be enforced by attachment (Gen. Stat. 1909, §§ 4713, 4717), and also under that authorizing an attachment for rent where the tenant has removed or is about to remove his property from the leased premises (Gen. Stat. 1909, § 4716). Each of these statutes requires the attachment affidavit to state the amount of rent owing. Here the affidavit gave the total amount claimed by the plaintiff ($204.41), and stated that a part of it was for rent but did not indicate the proportion. The bill of particulars set out the various items of debit and credit, showing the demand for rent to be $125. Under the liberal provisions of our code with respect to amendments (§ 140), we do not think this affidavit should be regarded as a nullity. It did not show the exact amount claimed as rent, but this was ascertainable from the bill of particulars on file in the case. The plaintiff asked leave to file an amended affidavit stating that the entire amount claimed was owing as rent. We think the affidavit was sufficient to confer jurisdiction, and that it was error to set the attachment aside. The inclusion of improper items, unless in bad faith, would not vitiate the affidavit. (*Lumber Co. v. McCurley,* 84 Kan. 751, 115 Pac. 590.) There is a difference of judicial opinion as to what defects in an attachment affidavit may be cured by amendment. (Note, 31 L. R. A. 425.) In *Vollmer v. Spencer,* 5 Idaho, 557, 51 Pac. 609, leave to amend was denied by a divided court in a case similar to this one. Cor-

rections in the amount, however, have been allowed. (4 Cyc. 524.) The Kansas cases on the general subject are collected in *Wire Co. v. Kingman,* 44 Kan. 270, 24 Pac. 476.

It is suggested that in any event the levy could be made only on the crops grown on the premises for the rent of which the action was brought. The landlord and tenant act gives a lien for rent which may be enforced by attachment, to be levied only on the crop. (Gen. Stat. 1909, §§ 4713, 4717.) But it also authorizes a general attachment for rent whenever certain acts are done by the tenant (Gen. Stat. 1909, § 4716), and this may be levied upon any nonexempt property (*Tootle, Wheeler & Motter Mercantile Co. v. Floyd,* 28 Okla. 308, 114 Pac. 259).

The jury returned a general verdict for the defendants for $1. They also found the amount due to each party upon each of several claims. Their findings are unchallenged, except as to one matter, to be referred to later. They found the defendants to be indebted for the rent of the pasture in the sum of $62.95, which is thus established as the amount due plaintiff on that account. Therefore if the plaintiff shall finally prevail, he will be shown to have been entitled to a lien of that amount upon the hay, if grown upon the pasture, and upon all the property seized by the sheriff, if the other grounds of attachment existed.

The jury found that the defendants were entitled to damages in the sum of $119 on account of injury to their crops by the plaintiff's cattle. This finding is assailed as having been influenced by an erroneous instruction. The lease contained an agreement on the part of the defendants to "keep in good repair all fences surrounding said farm lands and all buildings except the general wear and damage by elements." There was evidence of a local custom for those handling cattle to "ride the fences," carrying "staples and a hammer and the necessary tools for repairing a fence."

The instruction complained of, after quoting this clause of the lease, contained this language:

"If you should find from the preponderance of the evidence that at the time the original lease was executed there was a general custom or usage in that community whereby those handling cattle, when the same were kept in an enclosure, to ride the fences, and the custom was of such notoriety and had existed so long that you believe the parties to the lease must have known of such general custom or usage and contracted with reference to it, and that they did so contract in reference to such general custom or usage, then it would be the duty of the plaintiff in the management of his cattle to observe such custom or usage unless otherwise understood and agreed by and between the parties."

The provision of the lease regarding the keeping up of the fence was not ambiguous, and, within the authority of a case recently decided by this court, could not be affected by evidence of a local custom. (*Atkinson v. Kirkpatrick,* ante, p. 515, 135 Pac. 579.) The same instruction defined the defendants' duty as being to exercise ordinary care in repairing the fence. We think their obligation is to be measured by the terms of the lease, rather than by the rule of ordinary diligence.

The judgment is modified to this extent: the order discharging the attachment is set aside; a new trial is granted upon the issue raised by the defendants' claim of damages on account of injury done by the plaintiff's cattle; subject to change in accordance with the decision of that issue, the general verdict is to stand as a settlement of the matters in litigation between the parties.