No. 18,893.

D. M. ROTHWEILER, *Appellee,* v. U. G. MASON et al., Partners, etc., et al. (W. L. JOHNSTON et al., *Appellants*).

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Defective Affidavit—Amendment.* An attachment affidavit which is defective by reason of a failure to state the nature of the plaintiff's claim may be amended in that regard after the levy has been made.

2. SAME—*Personal Property Subject to Attachment.* The fact that possession of personal property has been obtained by the giving of a replevin bond does not prevent its being taken on an order of attachment issued against both claimants.

Rothweiler v. Mason.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed June 6, 1914. Affirmed.

*I. O. Pickering,* of Olathe, and *Jay L. Oldham,* of Kansas City, Mo., for the appellants.

*William T. Jamison, J. G. Hutchison,* and *M. J. Ostergard,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: U. G. Mason and W. L. Johnston were partners engaged in the business of buying and selling live stock. Johnston undertook to sell practically all the property of the firm to Eugene Bauman, to whom he executed a bill of sale, receiving payment by a check, which he cashed, retaining the money. The property was in the manual possession of Mason, who had taken no part in the deal. He refused to deliver it to Johnston, who brought replevin, giving a bond and obtaining possession. He sold a part of the property, depositing a portion of the proceeds in the First National Bank of Olathe, as he says to indemnify it against loss through having furnished him a bond in the replevin suit. The bank received the money with notice of its origin. D. M. Rothweiler, a creditor of the firm, brought action against its members on a note, joining Bauman as a defendant on the ground that the conveyance to him had been made with the fraudulent purpose, to which he was a party, of hindering firm creditors in the collection of their claims. An attachment was issued and levied on that part of the property transferred to Bauman which had not been resold, and the bank was made a garnishee. Judgment was rendered against all the defendants, the attachment was confirmed, and the bank was held liable to the extent of the deposit made by Bauman. Johnston, Bauman, and the bank appeal.

Bauman contends that no cause of action against him was pleaded or proved. The petition alleged that

the transfer from Johnston (assuming to act for the firm) to Bauman was intended by both to delay and defraud creditors of the partnership; that a part of the property had been sold and a part of the proceeds deposited in the bank. One purpose of the action was to subject the property to the payment of the partnership debt, but the petition included also averments sufficient to charge Bauman with personal liability, because of his having resold a part of the property. (20 Cyc. 631, 821; 14 A. & E. Encycl. of L. 341.) He suffered no prejudice from the joinder in the same proceeding of an effort to reach the property by asserting a specific lien upon it,. and also by attachment and garnishment. There was circumstantial evidence from which a fraudulent purpose could be inferred, and therefore the finding of the trial court as to the fact can not be disturbed.

The original affidavit for attachment did not state specifically the character of the cause of action against Bauman. This defect was cured by a subsequent amendment, which was permissible under our practice. (*Eckhardt v. Taylor*, 90 Kan. 698, 136 Pac. 218.)

Bauman contends that as he held the property in virtue of a bond given in the replevin action it was in custody of the law and therefore was not subject to attachment. All claimants of the property in the replevin case were also parties to the present proceeding, one purpose of which was to subject it to the payment of their indebtedness. This situation does not call for the application of the rule which in some circumstances forbids the attachment of property held by virtue of a replevin bond.

The contention is made, apparently in behalf of Johnston and Mason, that a creditor can not attach partnership property before his claim is in judgment, or question a sale of partnership property until his right has been adjudged in an equitable suit. The present action may be regarded as including an equita-

ble proceeding to subject partnership property to the payment of partnership debts. The obligation of Mason and Johnston on the note was not questioned in any way, but was specifically admitted.

Since the claimants of the fund on deposit are all in court, the bank is fully protected, and is not injured by the order as to its disposition.

From statements made in the oral argument, and from the record in this and other cases brought to this court, it seems probable that the judgment has been paid in full, and under such circumstances that the rulings already considered are not really reviewable. Because of some doubt on this point, however, they have been examined upon their merits.

The judgment is affirmed.