### No. 20,032.

THEODORE SCHULTZ, *Appellant* and *Appellee*, v. ALFRED STINER, *Appellee* and *Appellant*, and MAUD STINER et al., *Appellees*.

#### SYLLABUS BY THE COURT.

1. ATTACHMENT AFFIDAVIT—*Defective—Capable of Amendment*. An at- tachment affidavit which omits to state the sum the affiant believes the plaintiff ought to recover, but which recites that the defendant has been sued as endorsee of a note, and that the claim is just, due and unpaid, is not void, but capable of amendment.

2. SAME—*Order of Attachment—Not Fatally Defective*. Attachment proceedings are not rendered materially defective by an omission of the order expressly to limit to his own county the sheriff's action under it, or by the fact that the county and state in which attached real estate is situated are mentioned in the return only in the report of the appraisers.

3. JUDGMENT—*Motion to Set Aside after Term—Statutory Procedure*. After the expiration of the term of court at which it was rendered, a judgment which is not absolutely void can not be set aside on motion unless attacked in due time in accordance with some express statutory procedure. In the present case it is held that the consideration of other questions presented by a motion to set aside a judgment, because of a defective service, is prevented by the incorporation of nonjurisdictional grounds therein.

4. MORTGAGE FORECLOSURE—*Receiver—Disposition of Income from Mort- gaged Property*. By virtue of the statute authorizing the appointment of a receiver in an action to foreclose a real-estate mortgage, if the property is insufficient to discharge the debt, the mortgagee, where that condition exists, has a right to look to the income of the property prior to its sale, and through a receiver appointed after judgment may en- force that right from the time of such appointment.

Appeal from Decatur district court; WILLIAM S. LANGMADE, judge. Opinion filed March 11, 1916. Affirmed except as to one ruling, which is reversed.

A. C. T. Geiger, of Oberlin, and R. W. Hemphill, of Norton, for the plaintiff.

J. P. Noble, of Oberlin, for the defendants.

The opinion of the court was delivered by

MASON, J.: Theodore Schultz, the holder of a note secured by a real-estate mortgage, sued its makers, Alfred Stiner and his wife, asking judgment also against the payee, Howard L. Vale, as endorsee. Judgment was rendered foreclosing the mortgage and confirming an attachment levied upon land belonging to Vale. Thereafter a receiver of the mortgaged property was appointed. After the expiration of the term of court at which judgment was rendered against him, Vale, who was served only by publication, and who had previously made no appearance, moved to set it aside on the ground, among others, that the attachment affidavit and the published notice were defective. The motion was sustained and the plaintiff appeals. Stiner and his wife appeal from decisions of the trial court the effect of which was to authorize the receiver to pay to the plaintiff the income derived from the mortgaged property prior to its sale.

(1) The attachment affidavit was defective in that it omitted to state the amount which the affiant believed the plaintiff ought to recover, as required by the statute (Civ. Code, § 191). It did recite, however, that the plaintiff had begun his action upon notes made by the Stiners and endorsed by Vale, and that the claim was just, due, and wholly unpaid. This statement could not be true unless the plaintiff was entitled to recover the amount sued for as shown by the petition. The omitted matter, therefore, was fairly to be inferred from what was expressly stated. When the sufficiency of the affidavit was challenged the plaintiff tendered an amended affidavit supplying the omission. A liberal policy has been adopted in this state with regard to permitting amendments under such circumstances. (Eckhardt v. Taylor, 90 Kan. 698, 136 Pac. 218; Rothweiler v. Mason, 92 Kan. 612, 141 Pac. 245.) We think

the amendment should have been allowed, and it will be treated as though incorporated in the original affidavit, thereby curing its defect.

(2) The contention is also made that the order of attachment was defective because it commanded the sheriff to levy upon the property of the defendant, without adding "in your county," as the statute directs. . (Civ. Code, § 193.) As the sheriff could only execute the writ within his own county, the omission was immaterial. A similar criticism is made of the return, because, while its description of the attached property was otherwise sufficient, the county and state in which it was situated were not named. Its location, however, was sufficiently shown by the appraisment, which was a part of the return, and which gave a full description of the land. (*Moser v. Wagstaff*, post, p. 559, 55 Pac. 554.)

(3) The publication notice stated that if Vale did not answer within the time named judgment would be rendered against him for a specified amount, and for the sale of the attached property, which was not described. This omission made the notice defective, but not void. (*Sharp v. McColm*, 79 Kan. 772, 101 Pac. 659.) After the expiration of the term of court at which it was rendered, a judgment which is not absolutely void can not be set aside upon motion, unless attacked in due time in accordance with some procedure prescribed in the statute. (*Chapman v. Irrigation Co.*, 75 Kan. 765, 90 Pac. 284; *Lewis v. Woodrum*, 76 Kan. 384, 92 Pac. 306; *Vail v. School District*, 86 Kan. 808, 122 Pac. 885.) In two cases similar to that here presented it seems to have been assumed without discussion that the attacks there made upon the judgments were authorized by the code, perhaps upon the supposition that they were within the operation of the third clause of section 596. (*Adolph Cohen v. C. B. Trowbridge*, 6 Kan. 385; *Cackley v. Smith*, 38 Kan. 450, 17 Pac. 156.) Whether such assumption was well founded need not now be considered, for the present controversy can be disposed of upon another consideration. In the motion to set aside the judgment Vale undertook to appear only specially. But one ground upon which he asked relief was that he was not liable on the note sued on, because no notice of nonpayment was ever served on him. By incorporating in his motion this nonjurisdictional

ground he placed himself in the same position as though he had appeared at the trial. (*Barnett v. Insurance Co.*, 78 Kan. 630, 634, 97 Pac. 962.) The motion to set aside the judgment should have been overruled on that account, whether or not it was otherwise tenable.

(4) The judgment foreclosing the mortgage was rendered January 10, 1914. The application for the appointment of the receiver was made April 3, 1914. The mortgaged land was sold December 14, 1914. The mortgagors contend that no receiver should have been appointed, and that they should not have been deprived of the income of the property. The act of 1893 relating to the redemption of real estate from judicial sales did not repeal the statute authorizing the appointment of a receiver in an action to foreclose a mortgage where the property is probably insufficient to discharge the debt. (Civ. Code, § 266, subdiv. 2; *Beverly v. Barnitz*, 55 Kan. 466, 480, 42 Pac. 725. See, also, *Bank v. Grain Company*, 63 Kan. 343, 65 Pac. 676; 27 Cyc. 1251, 1252.)

In the Beverly-Barnitz case it was said:

"In such cases a receiver may be appointed at any time after the action is commenced, and the receivership may continue until the sale of the land by the sheriff, when the mortgagee's claim upon it is satisfied and extinguished, and as a creditor he has no further concern with it. The act of 1893 does not become operative until after the sale." (p. 480.)

The plaintiff made a showing that the lien against the property exceeded its value. This entitled him to look also to its income up to the time of sale. His failure to ask for a receiver before judgment did not prejudice the mortgagors, nor effect a waiver of his rights. (34 Cyc. 43.) The interval between the judgment and the sale was considerable, but as the right of the mortgagors to the posession and income of the property during the statutory period allowed for redemption was not interfered with, it does not appear that they were in any way injured thereby. Had they shown to the trial court that they were prejudiced by the delay, its discretion was broad enough to prevent the use of the receivership as a means of oppression.

The order setting aside the judgment against Vale is reversed; in other respects the action of the district court is affirmed.