No. 21,941.

ISADORE SMITH, *Appellant,* V. THE HUTCHINSON BOX BOARD
& PAPER COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

1. CONTRACTS — *Unambiguous Contracts — Construction for the Court.*
The two contracts involved are held to be free from ambiguity, and it
was error to submit their construction to the jury.

2. SAME—*Ratification of Contract—Question for the Jury.* No error
was committed in submitting to the jury the question of ratification
of the contracts sued on.

3. CORPORATION — *Written Reorganization Agreements — Oral Evidence
Inadmissible.* It was not error to reject oral testimony of written
reorganization agreements between the defendant company and its
predecessor.

4. SAME—*Evidence—Not Produced on Motion for New Trial.* Certain
testimony of a director touching the transactions between the two
companies was improperly excluded, but, not having been produced in
support of the motion for a new trial, it cannot be availed of.

5. SAME—*Reorganization—Liability of Successor on Former Contracts.*
The mere reorganization and corporate succession did not, of them-
selves, render the defendant liable on the contracts of its predecessor;
such liability depending upon the terms of the reorganization, or upon
ratification, or both.

Appeal from Reno district court; FRANK F. PRIGG, judge.
Opinion filed May 10, 1919. Reversed.

*Carr W. Taylor, Walter F. Jones,* and *F. Dumont Smith,* all
of Hutchinson, for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson,
for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, on the 23d day of April, 1913, en-
tered into a written contract with the Western Straw Products
Company, by which he was made its purchasing agent for the
purpose of purchasing waste paper and other materials fit for
use in its plant, for which he was to be paid at the plant $8 a
ton. The contract contained this clause:

"This agreement may be terminated by either party to it, by
giving 60 days' notice in writing, of their desire to do so."

Two days later another contract was made, witnessing that the company appointed the plaintiff its "sole agent for the purchase and delivery of old papers, paper boxes, etc.,   .   .   . for the city of Hutchinson, Kansas, for a period of five years." The price was to be $8 a ton delivered, and the contract contained the following:

"This contract is supplemental to one certain contract made by the parties hereto, it being the only contract now existing between them, otherwise than this contract, and being made on the 23d day of April, 1913."

In the first cause of action, the plaintiff sought to recover $426.22 for merchandise delivered, but this item was eliminated by the former decision in this case (101 Kan. 274).

The second cause of action was for damages occasioned by the defendant's terminating the first contract under the sixty-day clause, and it is conceded that, at most, recovery can be had only for the time between its execution and termination.

The third cause of action was for damages for breach of the second contract, and for loss of profits which it is alleged the plaintiff would have made during the remainder of the five-year period.

The court instructed that the two contracts were to be construed as one, that they were ambiguous, and that it was for the jury to say whether the sixty-day termination clause applied to both, or only to the former.

It was sought to be shown by the oral testimony of one of its officers that the defendant took over the former corporation and stepped into its shoes, but objections to such showing were sustained, partly because the arrangements between the two concerns were said to have been in writing, and partly because the court decided that by the former decision the question was not in the case. The jury were also instructed that the plaintiff was not bound by the contracts, unless it ratified them, and that such ratification was a question to be determined by them. The defendant recovered, and the plaintiff appeals.

Complaint is made of these instructions, of excluding certain evidence, and of the denial of the motion for a new trial.

The two contracts taken together are free from ambiguity; the one which covered pracically the entire state, except Topeka and vicinity, being terminable on sixty days' notice, the other,

relating to Hutchinson only, being expressly made for the term of five years. It was error, therefore, to submit their construction to the jury, and it was doubtless prejudicial to the plaintiff, for the jury seem to have taken the view that the sixty-day clause applied to both contracts.

There was no error in leaving the question of ratification to the jury, and, as suggested when the case was here before, the letters and notices sent out by Mr. Carey, president of the new company, contained some evidence that the contracts with the old company were in force with the new one.

While it was not error to reject oral testimony of written agreements between the old and the new companies, it was competent for the witness, Eastman, who was a director of the new company and had been president of the old, to say whether or not the old company took stock in the new in payment of its stock in the old, whether any cash was paid by the new to the old, and the value of the property taken over by the new company. The trial court, upon examining our former decision, thought that the question of successorship had been eliminated, and was not an issue. It was said therein:

"Those interested in the company, desiring that its business be continued, reorganized it by forming a new corporation, the Hutchinson Box Board and Paper Company, defendant herein. The plan of the reorganization was that creditors and those interested in the Western Straw Products Company should take stock in the new corporation in settlement of their claims and interests." (*Smith v. Paper Co.*, 101 Kan. 274, 275, 166 Pac. 484.)

The trial court was correct in construing this as holding the new company to be a reorganization of the old, but not as deciding the effect of such reorganization on the contracts under consideration.

The mere fact of reorganization, regardless of its terms, would not, of itself, render the new company liable on the plaintiff's contracts, without a showing of ratification or recognition. (10 Cyc. 287.) Unless the arrangements touching the reorganization were such, in fact and in law, as to bring the case within the rule making the defendant liable, the new company could not, in the absence of ratification or recognition, be held liable on the plaintiff's contracts. This disposes of the complaint that instruction No. 8 placed on the plaintiff the bur-

Collins v. Gas Co.

den to show ratification, and that the fact of corporate succession made the defendant liable, regardless of ratification.

The excluded evidence was not produced in support of the motion for a new trial, and, therefore, cannot be availed of now.   (Civ. Code, § 307; *McAdow v. Railway Co.*, 100 Kan. 309, 164 Pac. 177.)

For error in the charge respecting the construction of the contracts, the judgment is reversed, and the cause is remanded for further proceedings.