No. 22,151.

THE MINNEAPOLIS THRESHING MACHINE COMPANY, *Appellee,* v. J. W. FRANCISCO, *Appellant.*

No. 22,655.

THE MINNEAPOLIS THRESHING MACHINE COMPANY, *Appellee,* v. J. W. FRANCISCO, *Appellant.*

SYLLABUS BY THE COURT.

1. REPLEVIN—*Verified Answer—No Proof that Plaintiff was Incorporated—Question First Raised in Supreme Court—Objection too Late.* Where the incorporation of the plaintiff is alleged in a petition, each and every material averment of which is denied by an answer verified by an affidavit which says that the statements contained in the answer are true, and no evidence is introduced to prove that the plaintiff is incorporated, nor is the attention of the court specifically challenged to the absence of such evidence, and the incorporation of the plaintiff does not appear to have been questioned on the trial, and the question seems to be first raised in the supreme court, a judgment in favor of the plaintiff will not be reversed.

2. SAME—*When Demand is Unnecessary.* In an action in replevin, demand is unnecessary where possession by the defendant has been obtained wrongfully.

3. SAME—*Defective Affidavit—Defect Not Called to Attention of Trial Court—Too Late on Appeal.* A judgment in an action in replevin will not be reversed on account of a defect in the affidavit therefor, where the defect was not called to the attention of the trial court, and could have been cured by amendment.

4. SAME—*Excluded Evidence—Not Produced on Motion for New Trial.* Excluded evidence cannot be considered on appeal where that evidence is not produced on the motion for a new trial.

5. SAME—*Written Contract—Cannot be Varied by Parol Evidence.* A written contract cannot be varied, altered or contradicted by proof of an oral agreement on the same subject, made at the same time, and if the oral agreement is made subsequently, there must be a consideration therefor.

Appeals from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed May 8, 1920. Affirmed.

*W. B. Ham,* of Stockton, for the appellant.

*David Ritchie,* of Salina, and *O. O. Osborne,* of Stockton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This appeal has been docketed two times. The notice of appeal has been filed two times, and was docketed each time. There is but one action and but one appeal.

The plaintiff commenced this action, one in replevin, to recover a tractor engine from the defendant. The cause was tried by a jury, and at the close of the evidence the jury was directed to return a verdict in favor of the plaintiff, and judgment was rendered accordingly. The defendant appeals.

The defendant, on about June 15, 1914, ordered a secondhand tractor engine from the plaintiff. The order contained the following provision:

"It is expressly agreed that the warranties and conditions herein contained as to power, capacity, construction or durability do not apply to rebuilt or secondhand machinery ordered herein or hereby sold."

Notes were given, and to secure their payment the defendant gave to the plaintiff a chattel mortgage on the engine. The defendant in his answer pleaded:

"That he bought the engine in said petition described under a special oral warranty whereby plaintiff, through its lawful agents, orally promised and agreed with defendant that said engine should be rebuilt and repaired by plaintiff so that it would be as good as a new engine for all practical purposes, and further orally warranted and guaranteed to defendant that said engine would develop sufficient power to properly operate a Minneapolis separator, thirty-two inch cylinder, fifty-six inch rear, with feeder and weigher and twenty-four foot straw carrier.

45—106 KAN.

"Furthermore, plaintiff orally warranted to defendant that it would furnish said engine to defendant, to be delivered at Woodston, Kan., not later than June 20, 1914."

The defendant further pleaded a number of breaches of the oral warranty, the damages caused to him thereby, and asked recovery therefor in the sum of $4,683.17, and for $1,000 exemplary damages. The defendant failed to make all the payments provided for in the notes given by him, and in a written statement dated November 9, 1915, recited:

"I hereby acknowledge full satisfaction of any and all claims and demands against The Minneapolis Threshing Machine Company, arising out of the purchase by me from and sale by said company to me of the certain machinery for which the aforesaid note or notes were given and I hereby acknowledge that the warranty of said machinery by said company is in all respects satisfied and complied with, and I hereby agree that the aforesaid note or notes are still unsatisfied to the extent of the renewal note or notes this day delivered by me, and that The Minneapolis Threshing Machine Company may continue to hold the aforesaid note or notes as collateral security to my indebtedness and until said renewal note or notes shall have been paid in full, but when said renewal note or notes shall have been so paid the aforesaid note or notes shall be then canceled and surrendered to me.

"I hereby acknowledge the execution hereof in duplicate and the receipt by me of one copy thereof."

This writing was pleaded in the plaintiff's reply to the defendant's answer and cross petition. The defendant in a reply to the answer of the plaintiff admitted that he signed an instrument similar to that set out in the plaintiff's answer to the cross petition, but said he did not know whether in fact the exhibit was a true copy of the instrument signed by him. The defendant further pleaded that he was induced to sign this instrument by the oral promise and agreement of the plaintiff that it would prepare and send to the defendant a written agreement authorizing him to take the engine to any state or any county in any state, into which he might desire to take it; that he might sell or trade the engine without the oral or written consent of the plaintiff; and that the defendant might have all the time he desired to pay for the engine. The defendant also pleaded that the plaintiff never furnished the defendant such written agreement; that the oral promise and agreement was the inducement to the defendant to sign the written instrument; and that the oral promises were a part of the instrument of which that set out in the answer of the

Threshing Machine Co. v. Francisco.

plaintiff purported to be a copy. The defendant failed to pay the renewal notes mentioned in the writing dated November 9, 1915. The plaintiff under its chattel mortgage took possession of the engine; the defendant soon thereafter took the engine from the plaintiff. The plaintiff then commenced this action.

1. The plaintiff alleged that it was a corporation. There was no evidence introduced to prove that allegation. The defendant argues that because the plaintiff failed to prove that fact, the judgment must be reversed. The answer contained the following:

"The defendant denies each and every material averment of plaintiff's petition except such averments as are hereinafter specifically admitted."

The defendant admitted that he purchased the engine of the plaintiff and that he executed the notes and mortgage, but did not admit the incorporation of the plaintiff. The answer was lengthy and contained many allegations, and was verified as follows:

"J. W. Francisco on his oath says he has heard read the foregoing, his answer, and affiant says the statements therein contained are true so far as he has actual knowledge of them, and that all statements therein contained are true as he verily believes."

This language did not directly and specifically put in issue the incorporation of the plaintiff, nor is it certain that this fact was thereby put in issue. (*Kimble v. Bunny*, 61 Kan. 665, 60 Pac. 746; *Caple v. Drew*, 70 Kan. 136, 78 Pac. 427; *Smith v. Bowersock*, 95 Kan. 96, 147 Pac. 1118.) It does not appear that this question was specifically called to the attention of the trial court. It seems that the trial was conducted and the evidence introduced without any reference to the incorporation of the plaintiff. Where a verified answer does not directly and specifically put in issue the incorporation of the plaintiff, and no evidence is introduced on that question, and the attention of the court is not specifically challenged to the absence of evidence thereon, and the incorporation of the plaintiff does not appear to have been questioned on the trial, that question will not be considered when presented for the first time in the supreme court. (*Sleeper v. Bullen & Dustin et al.*, 6 Kan. 300; *Emery v. Bennett*, 97 Kan. 490, 155 Pac. 1075; *Clark v. Insurance Co.*, 105 Kan. 728, 731, 185 Pac. 1056.) Numerous other cases might be cited, but it is not necessary to do so.

2. No demand by the plaintiff on the defendant for the engine was alleged. The failure to plead a demand was not in any way challenged to the attention of the court on the trial. There was evidence which tended to prove that before the plaintiff first took the engine, it demanded the possession thereof from the defendant, and that possession was refused. There was evidence also which tended to prove that no such demand was made. There was no evidence to prove that a demand was made after the defendant had taken the engine away from the plaintiff. The defendant's complaint is that because there was evidence from which a jury might have concluded that no demand had been made in the first instance, that question should have been submitted to the jury for its determination, and that it was error for the court to direct a verdict in favor of the plaintiff in the face of the evidence to show that there had been no demand. So far as the first taking by the plaintiff is concerned, there was ample evidence to show that a demand had been made, but as for the taking under the writ of replevin, the then possession of the defendant was wrongful, and demand was not necessary. (*Schmidt v. Bender*, 39 Kan. 437, 18 Pac. 491; *Salisbury v. Barton*, 63 Kan. 552, 66 Pac. 618; 34 Cyc. 1406; 23 R. C. L. 889; Wells on Replevin, 2d ed., § 345.)

3. The sufficiency of the affidavit in replevin is questioned. It recited:

"That said Minneapolis Threshing Machine Co., is the owner and has said special ownership and interest of said goods and chattels, and that it is entitled to the immediate possession of the property, the goods and chattels aforesaid, and that said property is wrongfully detained by the defendant above named."

Section 177 of the code of civil procedure (Gen. Stat. 1915, § 7069) requires that the replevin affidavit shall state the facts with reference to the special ownership of the property replevined, where the plaintiff relies on such special ownership. This was not done in the affidavit under consideration, but these facts were set out in detail in the petition. The affidavit was not void, for the reason that it did not fully comply with the statute. (*Auld and Taylor v. Kimberlin*, 7 Kan. 601; *Williams v. Gardner*, 22 Kan. 122.) The affidavit could have been amended so as to comply with the statute. (*Burton v.*

*Robinson,* 5 Kan. 287; *Meyer v. Lane,* 40 Kan. 491, 20 Pac. 258; *Rothweiler v. Mason,* 92 Kan. 612, 141 Pac. 245; 34 Cyc. 1439.) It does not appear that the defect in the affidavit was called to the attention of the trial court. The action could have proceeded to final judgment without any affidavit. (*Lamont v. Williams,* 43 Kan. 558, 23 Pac. 592; *Varner v. Bowling,* 54 Kan. 380, 38 Pac. 481.) If this question had been presented to the trial court, and no amendment had been made, and the court had held the affidavit sufficient, and the question had then been presented to this court, a different situation would exist, one which would compel this court to rule thereon. The defendant waived the defect by failing to call the attention of the trial court thereto, and it should not now be held so defective as to compel a reversal of the judgment. (Wells on Replevin, 2d ed., § 657; 34 Cyc. 1439.)

4. The defendant was not permitted to prove any item of the damages alleged in his answer and cross petition. The evidence rejected was not produced on the hearing of the motion for a new trial and cannot now be considered. (Civ. Code, § 307, Gen. Stat. 1915, § 7209; *Smith v. Paper Co.,* 104 Kan. 732, 735, 180 Pac. 983.)

5. The pleaded oral contract of warranty, if made at the time the engine was ordered and purchased, was not good for the reason that it tended to vary the terms of the written contract. If the oral contract was made after the written order had been signed and after the engine had been purchased, it was not good because there was no consideration therefor, either pleaded or proved. (*George v. Lane,* 80 Kan. 94, 102 Pac. 55; Note, L. R. A. 1915B, 3; 13 C. J. 592; 6 R. C. L. 916.) Neither could the pleaded oral contract and agreement made at the time of the writing dated November 9, 1915, be admitted to add to, alter, or vary the terms of that instrument.

The judgment is affirmed.