THE FIRST NATIONAL BANK OF HUTCHINSON, KANSAS, v. THE KANSAS GRAIN COMPANY, OF MISSOURI, *et al.*

No. 12,205.   ( 65 Pac. 676.)

SYLLABUS BY THE COURT.

REDEMPTION—*Act Construed—Mortgagor Entitled to, and May Assign, Rents Collected by Receiver.* Under the provisions of section 24, chapter 109, Laws of 1893 (Gen. Stat. 1901, § 4950), an insolvent mortgagor, if the holder of the legal title, is entitled to receive, and may assign, the income arising from rentals of the mortgaged premises remaining in the hands of a receiver appointed to control and rent the mortgaged property during the statutory period of redemption, as against the claim of the prior mortgagee upon the deficiency judgment, who, before the assignment of the income by the mortgagor, and after the issuance and return *nulla bona* of an execution upon the deficiency judgment, has applied to the court for an order applying the fund in the hands of the receiver upon his deficiency judgment.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed July 6, 1901. Division one. Affirmed.

*W. M. Whitelaw*, and *F. S. Whitelaw*, for plaintiff in error.

*H. Whiteside*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : The Kansas Grain Company, a Missouri corporation, was, on June 2, 1893, indebted to plaintiff in error upon promissory notes aggregating, face value, $20,000. To secure payment of these notes, the grain company, upon said date, made plaintiff in error its first mortgage on certain grain-elevator properties in Reno and other counties of this state. The grain company being insolvent, and default in payment of the notes having occurred, suit in foreclosure was brought, and, on October 19, 1894, a decree of foreclosure of the mortgage so given and judgment in favor of plaintiff in error in the sum of $22,556.66 was entered, and one S. T. Hutton was appointed receiver, to collect rents, care for and sell the mortgaged property.

Upon the coming in of the report of the receiver and a settlement of his accounts, it was found he had in his hands, collected from the rentals and sale of the mortgaged property, the net sum of $13,797.27, which was by the court ordered to be applied upon the judgment of plaintiff. It was further ordered by the court that the sale of the real estate made by the receiver was subject to the eighteen months' statutory period of redemption. The receiver was continued in possession of the real estate during this period of redemption to prevent waste, and was directed by the court to rent the properties during this period of redemption, which was done by the receiver's leasing the same to plaintiff in error for the sum of $1200, the latter having theretofore purchased the same at the receiver's sale.

Before the expiration of the period of redemption, the grain company filed its motion, claiming the pro-

ceeds of the rentals in the hands of the receiver accruing during the period of redemption.   Plaintiff in error, having caused execution to issue upon the deficiency judgment, which was returned *nulla bona*, also filed its motion, asking an order of the court upon the receiver to pay the proceeds in his hands arising during the period of redemption upon its judgment remaining unsatisfied.

The grain company, however, by assignment in writing, conveyed one-half of its interest in such rentals to L. B. Young and the remaining one-half to H. Whiteside, in payment of attorney's fees. Upon January 23, 1897, Young and Whiteside filed their interpleas, duly verified, each claiming one-half of the proceeds in the hands of the receiver arising from the rental of the property during the period of redemption. At the expiration of the period of redemption, the settlement of the accounts of the receiver for moneys collected during the period of redemption came on for hearing.   It was by the court found that there remained in the hands of the receiver, arising out of the rental of the properties during the period of redemption, over and above expenses incurred by the receiver in the payment of taxes and caring for the property, and his compensation, the sum of $807.37, and that each of said interpleaders was entitled to receive one-half thereof, being the sum of $403.69.   The application of plaintiff in error, that the net proceeds in the hands of the receiver arising from rentals of the property during the period of redemption be applied upon the unsatisfied judgment of plaintiff in error, was refused and denied.

To obtain a reversal of this order making distribution of the funds held by the receiver, this proceeding in error is brought.

The only question to be determined by this court is, Where real estate is sold under the act of 1893, subject to the right of redemption in the mortgagor, and a receiver is appointed to take charge of and rent the real estate during the period of redemption to prevent waste of the property, who is entitled to the proceeds arising from the renting of the same by the receiver—the holder of the unsatisfied deficiency judgment, rendered in the foreclosure proceeding, having a first lien upon the mortgaged property, and first moving for an order upon the receiver to apply the same to the payment of such judgment after return of execution *nulla bona*, or the assignee of the mortgagor, taking by assignment made after the holder of the deficiency judgment has made application for the same?

It is insisted by counsel for plaintiff in error, as there remained unpaid a large amount of the judgment rendered in its favor a first lien upon the property, and as plaintiff in error, after issuance and return of execution on such deficiency judgment *nulla bona*, filed its application for an order upon the receiver to pay over to plaintiff in error the proceeds arising from the rentals of the mortgaged property during the period of redemption prior to the assignment of such rentals by the mortgagor, and, as the mortgagor corporation was insolvent, that, in equity, plaintiff in error was entitled to a distribution of the funds in the hands of the receiver to apply upon its judgment, and many cases are cited by counsel in support of this proposition.

It is insisted by counsel for the assignees of the mortgagors, interpleaders herein, Young and Whiteside, that, by the terms of the statute itself, as construed by this court, independent of any principle of

equity, the order of the trial court in its disbursement of this fund must be upheld.

It is undoubtedly true, independent of statutory provisions, that where an execution on a deficiency judgment has been returned *nulla bona* and the judgment debtor is insolvent, and a bill in equity has been filed to subject any remaining property of the judgment debtor to the payment of a deficiency judgment, an equitable lien is created upon any fund at the time in the custody of the court.   But this general doctrine of the application of equitable principles must give way before positive statutory provisions enacted for the purpose of determining the rights of parties to such funds.   Section 24, chapter 109, Laws of 1893 (Gen. Stat. 1901, § 4950) provides:

"The holder of a certificate of purchase shall be entitled to prevent any waste or destruction of the premises purchased, and for that purpose the court, on proper showing, may issue an injunction; or, when required to protect said premises against waste, appoint and place in charge thereof a receiver, who shall hold said premises until such time as the purchaser is entitled to a deed, and shall be entitled to rent, control and manage the same; but the income during said time, except what is necessary to keep up repairs and prevent waste, shall go to the owner or defendant in execution, or the owner of its legal title."

The only authority of the court to continue the receiver in possession of the real estate sold by him and purchased by plaintiff in error during the period of redemption in this case was by virtue of this statutory provision.   In the face of this statutory provision there is no room left for the application of the general principles of equity.   The income of the property in the hands of the receiver, except so much thereof as was necessary properly to care for the property in order

to prevent waste, belonged to the mortgagor, and, being the property of the mortgagor, it had the right to assign the same to the interpleaders, free and discharged of any equitable lien in favor of the plaintiff in error.

It follows that the order of the district court must be affirmed.

DOSTER, C. J., JOHNSTON, GREENE, JJ., concurring.