LOUISE NOLTE, *Appellee*, v. W. H. MORGAN *et al.* (W. H. MORGAN, *Appellant;* MAURICE V. PERKINS, *as Receiver, etc., Appellee*).

No. 17,359.

SYLLABUS BY THE COURT.

1. REDEMPTION—*Sale—Receiver—Income—Taxes.* In view of the provision of the statute that after the sale of real estate on execution and before the expiration of the time allowed for redemption, a receiver may be appointed when necessary to prevent waste, but that the income, except what is necessary for that purpose, shall go to the defendant, the court is not authorized to direct the receiver to pay the taxes out of the rents collected for that period.

2. ——— *Same.* Under the circumstances here presented it is held that no error is shown in allowing the compensation of the receiver to be paid out of the income of the property.

Appeal from Montgomery district court. Opinion filed April 6, 1912. Reversed.

*Joseph P. Rossiter,* and *Gilbert M. Gander,* for the appellant.

*Luther Perkins,* and *S. H. Piper,* for the appellees.

The opinion of the court was delivered by

MASON, J.: Louise Nolte brought an action to foreclose a real-estate mortgage given by W. H. Morgan. Judgment was obtained and the property was, on January 16, 1909, sold at sheriff's sale to the plaintiff and Emma B. Schuetz, a judgment creditor, subject to the statutory right of redemption. The plaintiff thereupon filed a motion for the appointment of a receiver to take charge of the property, upon the ground that it was in a bad state of repair and uninsured. Morgan consented to the appointment of a receiver to collect the rent and insure the buildings. A receiver was appointed January 18, 1909. Between that date and July 15, 1910, the expiration of the period allowed for

redemption, he collected rents amounting to $1012.30. Upon order of the court he paid out $407.10 for taxes and $10.30 for insurance and improvements, and retained $162.20 for his own compensation, paying the remainder to Morgan. Upon appeal Morgan maintains that the entire amount should have been paid to him.

So far as relates to the payment of taxes, we conclude that the contention of the appellant must be sustained. The matter is controlled by the language of the statute, which reads:

"The holder of the certificate of purchase shall be entitled to prevent any waste or destruction of the premises purchased, and for that purpose the court, on proper showing, may issue an injunction; or, when required to protect said premises against waste, appoint and place in charge thereof a receiver, who shall hold said premises until such time as the purchaser is entitled to a deed, and shall be entitled to rent, control and manage the same; but the income during said time, except what is necessary to keep up repairs and prevent waste, shall go to the owner or defendant in execution, or the owner of its legal title." (Civ Code, § 498.)

As a reason why the receiver should have paid the taxes it is argued that in the interval between the sheriff's sale and the expiration of the redemption period the obligation to pay taxes was upon the mortgagor, who was entitled to the income of the property, and not upon the purchaser, who did not have the legal title and might never obtain it. This argument is thus answered in *Davis v. Dale,* 150 Ill. 239, 37 N. E. 215, followed in *Stevens v. Hadfield,* 196 Ill. 253, 63 N. E. 633:

"Nor would his [the mortgagor's] liability to the state for the taxes of that year, if it existed, be at all determinative of the question here involved. The purchaser at the sale took as a stranger whatever title was authorized by the decree to be sold. By law he became entitled to all the right, title and interest of the mortgagor in the premises, if no redemption was

made in the time and manner prescribed by the statute, and necessarily took the estate charged with all the infirmities of title, and subject to all prior liens to which it would have been subject in the hands of the mortgagor. He was required to know that the mortgagor would be entitled to the possession, and rents, issues and profits, of the premises pending the running of the period of redemption, and that taxes would accrue, which would be a lien upon the property, before the time of redemption would expire, and he voluntarily purchased subject to such accruing lien." (p. 244.)

A similar principle was involved in *Bank v. Grain Company,* 63 Kan. 343, 65 Pac. 676, where by reason of the statute above quoted the court refused to allow the income of the mortgaged property, collected by a receiver after the sheriff's sale and during the redemption period, to be applied to the payment of the deficiency judgment.

It is not necessary to decide whether, in view of the language of the Kansas statute, the compensation of a receiver appointed in a proper case to take charge of the property after its sale on execution should be paid out of the rents collected. Here the mortgagor agreed to the appointment, so that no question arises as to its regularity, and he may have been substantially benefited by it. The evidence upon which the allowance was made to the receiver was not preserved. It may have shown a benefit to the mortgagor to the full extent of the amount allowed. The appellant has made a showing that owing in part to a change of stenographers he was unable to procure an official transcript of the evidence. In that situation a record could have been provided by the judge. (Civ. Code, § 582.) Under these circumstances the allowance made to the receiver will not be disturbed.

The small item allowed for insurance and improvements will also be permitted to stand. The mortgagor expressly asked that the receiver insure the property, and the insurance was in part for his benefit. In view

of the smallness of the amount it is probable that the word "improvements" was intended to designate repairs, and it will be so construed.

A contention is made by the appellee that in the absence of the evidence the ruling in regard to the payment of taxes ought not to be reviewed, and a suggestion is made that the mortgagor consented to their payment. It is not stated, however, that evidence was introduced that such consent had been given, and the specific findings made by the court seem clearly to indicate that the decision was based upon the theory that the purchaser at the sheriff's sale had a right to have the current taxes on the property paid out of its income.

The decision of the trial court with respect to the payment of taxes is reversed and the cause remanded for such orders as will make this ruling effective. Inasmuch as the payment of the taxes by the receiver inured to the benefit of the purchasers at the sheriff's sale, the mortgagor should have a judgment against them for the amount paid, secured by a lien on the property.