No. 19,878.

THE HAVANA STATE BANK, *Appellee*, v. G. F. DIKEMAN and BESSIE E. DIKEMAN, *Appellants*.

### SYLLABUS BY THE COURT.

1. FORECLOSURE OF MORTGAGE—*Appointment of Receiver.* Under subdivision 2 of section 266 of the code of civil procedure, a receiver may be appointed in an action to foreclose a mortgage on real property, where it appears that the mortgaged property is probably insufficient to discharge the mortgage debt.

2. SAME—*Property Sold—Insufficient to Pay Debt—Mortgagee Entitled to Income.* Where a receiver has been appointed in an action to foreclose a mortgage on real property, and the property does not sell for enough to satisfy the mortgage debt, the plaintiff is entitled to the income from the property from the time of the commencement of the action until the sale of the property.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed June 10, 1916. Affirmed.

*J. E. Brooks, C. O. Buckles,* and *C. W. Spencer,* all of Sedan, for the appellants.

*W. H. Sproul,* of Sedan, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to foreclose a mortgage on real property. A receiver was appointed. The plaintiff recovered judgment, and the defendants appeal.

The petition contains two causes of action. The second cause of action refers to the first and makes its allegations a part of the second. July 24, 1913, on the application of the plaintiff, and without notice to the defendants, the court appointed a receiver for the mortgaged property. August 2,

1913, the defendants' application to discharge the receiver was denied.   March 16, 1914, a demurrer to the first cause of action was sustained.   April 15, 1914, judgment was rendered in favor of the plaintiff for the amount of the mortgage, and the property was ordered sold to satisfy the judgment.   August 14, 1914, the property was sold under order of sale.   The property did not sell for enough to satisfy the judgment.   December 5, 1915, the defendants' motion to require the receiver to pay the money in his hands to defendant G. F. Dikeman was denied, and the receiver was ordered to pay the money to the plaintiff on his motion.

1. The defendants contend that the court erred in appointing a receiver for the property, and in refusing to discharge the receiver on their application.   The appointment of a receiver was requested on the grounds and for the reasons stated in the first cause of action of the petition.   These grounds and reasons were a part of the second cause of action, and a receiver could as well be appointed for these reasons as referred to in the second cause of action as one could have been appointed for the same reasons as set out in the first cause of action, although the first cause of action was held bad on demurrer.

It is argued that the evidence submitted did not justify the appointment of a receiver, and that the defendants' evidence showed that the receiver should have been discharged on the application of the defendants.   The evidence was conflicting as to the value of the property.   There was an abundance of evidence to show that the property was not sufficient to discharge the mortgage debt.   Under subdivision 2 of section 266 of the code of civil procedure a receiver may be appointed, "in an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property . . . is probably insufficient to discharge the mortgage debt."   The evidence on the application for the appointment of the receiver and for his discharge, although conflicting, was sufficient to sustain the order of the court appointing the receiver and the order refusing to discharge him.

It is further argued that under section 498 of the code of civil procedure the court had no authority to appoint a re-

ceiver except to prevent waste and to preserve the property. In *Beverly v. Barnitz,* 55 Kan. 466, 42 Pac. 725, this court said:

"The act of 1893 does not purport to repeal or modify section 254 of the code of civil procedure, (¶ 4349, Gen. Stat. 1889,) which authorizes the appointment of a receiver in a foreclosure case 'where it appears that the mortgaged property is in danger of being lost, removed, or materially injured,' or when 'the condition of the mortgage has not been performed,' and 'the property is probably insufficient to discharge the mortgage debt.' In such cases a receiver may be appointed at any time after the action is commenced, and the receivership may continue until the sale of the land by the sheriff, when the mortgagee's claim upon it is satisfied and extinguished, and as a creditor he has no further concern with it. The act of 1893 does not become operative until after the sale, and it matters not to the former creditor how the land is occupied during the period of redemption. (p. 479.)

There was no error in appointing or refusing to discharge the receiver.

2. Complaint is made of the order refusing to direct the receiver to pay the money in his hands to defendant G. F. Dikeman and of the order directing the receiver to pay the money to the plaintiff. The receiver's report shows that this money was received by him prior to the sale of the property. In *Schultz v. Stiner,* 97 Kan. 555, 155 Pac. 1073, this court said:

"By virtue of the statute authorizing the appointment of a receiver in an action to foreclose a real-estate mortgage, if the property is insufficient to discharge the debt, the mortgagee, where that condition exists, has a right to look to the income of the property prior to its sale, and through a receiver appointed after judgment may enforce that right from the time of such appointment." (Syl. ¶ 4.)

There was no error in directing that the money in the receiver's hands be paid to the plaintiff.

The judgment is affirmed.