No. 25,138.

T. A. FRANK JONES, *Appellant,* v. MARY A. PERKINS et al., *Appellees* (WILL JOHNS, Receiver, *Appellant*).

SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE—*Rents and Profits from Date of Sale to Expiration of Period of Redemption Belong to Title Holder.* The right to the rents and profits of property foreclosed and sold is in the mortgagor or title holder from the date of sale until the expiration of the period of redemption.

2. SAME—*Receiver Bound by Orders of Court—Receiver Reimbursed for Money Mistakenly Paid.* A receiver is bound to obey the orders of the court appointing him, and where, in a foreclosure action, under orders of the court, he erroneously pays charges against the property which should have been paid by the purchaser at the sale, the receiver is entitled to a lien on the property until he is reimbursed.

Appeal from Douglas district court. HUGH MEANS, judge. Opinion filed April 5, 1924. Modified.

*C. A. Smart,* of Lawrence, for the appellants.

*Oscar E. Learnard,* of Lawrence, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This controversy presents the question as to whether or not, in a foreclosure action, the judgment debtor or title holder may be deprived of the income from the property in controversy after the date of the sale and prior to the expiration of the period of redemption.

The situation is somewhat complicated, but these facts appear from the record: The property consisted of three houses, each mortgaged for $3,000. Following this was a general judgment in foreclosure for approximately $1,000 in favor of the State Bank of Ottawa, covering all the property. Then, the mortgage of the plaintiff for $2,500 covering all the property.

October 22, 1921, a sale was had of the property in the action by the State Bank of Ottawa. In January, 1922, the plaintiff commenced this action to foreclose his mortgage, and applied to the court for the appointment of a receiver. Two of the other mortgage holders intervened, and on January 24, 1922, Will Johns was appointed receiver. He qualified, collected rents, paid taxes, borrowed and repaid money, secured insurance, made reports, etc., under di-

rection of the court. On October 16, 1922, the property was sold in this action and bid in by the interpleaders. November 25, 1922, on application made to the court, the receiver was directed to pay taxes in the amount of $186 and insurance amounting to $9.60 which became due after the sale. On March 24, 1923, the defendant, Aimee R. Perkins, moved the court to discharge the receiver and to require him to account to her for all funds received by way of rents after the sale. The receiver filed his account claiming credit for the items mentioned. The trial court, on May 21, 1923, sustained the defendant's motion, discharged the receiver and directed him to pay the defendant the two items of taxes and insurance. The plaintiff and receiver complain of this order, and appeal.

It is contended that the trial court erred in not giving the receiver credit for the taxes and insurance; that, where a receiver takes charge of property, he is under the direction of the court; that the whole theory of the receivership is to assist the creditor whose debt is in a precarious situation, to secure the income of the property toward the payment of his debt. The contention of the plaintiff and the receiver in this regard is correct, with the limitation, that, after the sale, the income belongs to the judgment debtor or title holder. The receiver well argues that he has no discretion in matters of this kind; that he must obey the orders of the court appointing him; that he holds the funds strictly subject to the orders of the court, to be disposed of as the court may direct; that he is an actual part of the court and money in his hands is equivalent to money in the hands of the court. Conceding all this does not eliminate the right of the debtor or title holder to the rents and profits during the redemption period.

The difficulty in the instant case is that the sale was had on October 16, 1922, and the two items—taxes and insurance—involved here were not then due. The rights and remedies of a lien holder are specifically set forth by statute, which provides that all income from properties received after sale, on judgment of foreclosure, belong to the debtor or the title holder. The right of redemption is not subject to levy or sale on execution (See R. S. 60-3439, 60-3440, 60-3455, 60-3460). Even where a receiver has been continued after a sale for the purpose of preventing waste, income received during the redemption period cannot be used for any purpose other than to prevent waste.

Jones v. Perkins.

In *Bank v. Grain Co.,* 63 Kan. 343, 347, 65 Pac. 676, it was said:

"The only authority of the court to continue the receiver in possession of the real estate sold by him and purchased by plaintiff in error during the period of redemption in this case was by virtue of this statutory provision. In the face of this statutory provision there is no room left for the application of the general principles of equity. The income of the property in the hands of the receiver, except so much thereof as was necessary properly to care for the property in order to prevent waste, belonged to the mortgagor, and being the property of the mortgagor, it had the right to assign the same to the interpleaders, free and discharged of any equitable lien in favor of the plaintiff in error."

*Nolte v. Morgan,* 86. Kan. 823, 824, 122 Pac. 886, was a foreclosure suit in which the court below appointed a receiver to take charge of the property involved and before the redemption period had expired the receiver, upon order of the court, paid out certain sums for taxes, insurance and repairs, from moneys collected during the redemption period. The court said:

"So far as relates to the payment of taxes, we conclude that the contention of the appellant must be sustained. The matter is controlled by the language of the statute which reads, 'The holder of the certificate of purchase shall be entitled to prevent any waste or destruction of the premises purchased, and for that purpose the court, on proper showing, may issue an injunction; or, when required to protect said premises against waste, appoint and place in charge thereof a receiver, who shall hold said premises until such time as the purchaser is entitled to a deed, and shall be entitled to rent, control and manage the same; but the incomes during said time, except what is necessary to keep up repairs and prevent waste, shall go to the owner or defendant in execution, or the owner of its legal title.' [R. S. 60-3461.]" See, also, *Howard v. Tourbier,* 98 Kan. 624, 160 Pac. 1144; *Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628.)

In *Smith v. Shaver,* 112 Kan. 790, 791, 212 Pac. 666, it was said:

"The claims of the plaintiff, and of other judgment creditors·in whose behalf the receiver was appointed, were necessarily inferior to the bank's first-mortgage lien, and certainly they have no greater right to dispossess or abridge the judgment debtor's interest in the property during the redemption period than the principal judgment creditor; and general rules governing receiverships and similar procedure in equity cannot be invoked to invade a province covered by positive statutes. (*Bank v. Grain Co.,* 63 Kan. 343, 347, 65 Pac. 676; *Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628; *Moore v. McPherson,* supra, syl. ¶ 3.) That the right to the rents and profits of property foreclosed and sold is in the execution debtor during the redemption period has always been recognized. (*Nolte v. Morgan,* 86 Kan. 823, syl. ¶ 1, 122 Pac. 886; *Schultz v. Stiner,* 97 Kan. 555, 558, syl. ¶ 4, 155 Pac. 1073; *Bank v. Dikeman,* 98 Kan. 222, syl. ¶ 2, 157 Pac. 1177.) Such right of redemption cannot be subjected to forced sale, nor can the debtor be dispossessed or deprived of the fruits of

possession during that interval, and the necessary corollary thereto is that the debtor's interest cannot otherwise be abridged or impaired without his free assent."

While the defendant was entitled to the rents from the property, the receiver was also entitled to the protection of the court. The purchaser at the sale should have paid the taxes and insurance. The receiver having paid these items under the direction of the court, is entitled to reimbursement for the amount out of the property sold.

The judgment is therefore modified, allowing the receiver a first lien on the property for the items specified. If he is not reimbursed in that amount by the end of thirty days the property may be sold to satisfy his lien.