No. 26,423.

J. M. Dunfield et al., *Appellants*, v. S. S. Mouse et al., *Appellees*.

OPINION DENYING A REHEARING.

Appeal from Coffey district court; Isaac T. Richardson, judge. Opinion denying a rehearing filed April 10, 1926. (For original opinion of affirmance see *ante*, p. 232.)

*S. H. Allen, Otis S. Allen* and *George S. Allen*, all of Topeka, for the appellants.

*O. T. Atherton*, of Emporia, for the appellees.

The opinion of the court was delivered by

Marshall, J.: In this action, an opinion was filed February 6, 1926 (*Dunfield v. Mouse*, ante, p. 232).

A motion for a rehearing has been filed by the plaintiff, in which they urge "that the question of law which arose in said case and which appellants undertook to present to the court has not been considered by the court and is not mentioned in the opinion." They say: "The question in this case is, Who is entitled to the rent of the mortgaged land before sale under foreclosure when the land alone is insufficient security for the debt?" Neither the rule of law declared nor the facts stated in the opinion is questioned.

It is argued that *Schultz v. Stiner*, 97 Kan. 555, 155 Pac. 1073, and *Bank v. Dikeman*, 98 Kan. 222, 157 Pac. 1177, are decisive of the question presented. With that argument the court does not agree. In *Schultz v. Stiner*, supra, it was held that a mortgagee "has a right to look to the income of the property prior to its sale, and through a receiver appointed after judgment may enforce that right from the time of such appointment." Income from crops matured prior to the appointment of the receiver was not considered nor discussed.

Mortgages, 27 Cyc. p. 1630 n. 54.

In *Bank v. Dikeman,* supra, the receiver was appointed at the commencement of the action. It was not there determined that the mortgagee' through the receiver was entitled to the matured crops standing on the land at the time of his appointment.

In actions to foreclose mortgages on real property, receivers appointed to take charge of the property and collect the rents therefrom have no authority to take charge of personal property thereon. He takes the real property, nothing more. To determine what he may take, it is necessary to determine what is real property. That was done in the former opinion, which is adhered to.

The motion is denied.