No. 30,100.

THE CAPITOL BUILDING AND LOAN ASSOCIATION, OF TOPEKA, *Appellant*, v. ELSIE E. ROSS, EUGENE RAY BAGBY and LEO V. BAGBY, His Wife, W. W. BEATTY, A. M. ANDERSON and H. W. BOLZ, *Appellees*.

(7 P. 2d 86.)

Opinion filed January 30, 1932.

*P. H. Forbes,* of Topeka, for the appellant.

*William Wallace,* of Topeka, for appellee A. M. Anderson.

The opinion of the court was delivered by

HARVEY, J.: This is an action to foreclose real-estate mortgages—two mortgages on the same real property, to the same mortgagee, foreclosed in the same action. The trial court made findings of fact and rendered judgment for plaintiff. The point presented here may be made clear by setting out the fourth finding, which is as follows:

"4. The court further finds that the mortgages set out in plaintiff's first and second causes of action are mortgages securing contract notes of even date; that the contract note in the fifth provision in each purports to assign to the payee the rents and income arising out of the real estate described in the mortgages securing said notes to the plaintiff herein, said assignment being in the following words:

" 'Fifth. The undersigned hereby assigns to the said The Capitol Building and Loan Association the rents and income arising at any and all times from the property mortgaged to secure this note, and hereby authorizes the association at its option to take charge of said property, collect and receipt for all rents, income, or if sold under contract for deed, to collect all payments and apply the same on the payments, insurance premiums, taxes, assessments, dues, repairs or improvements necessary to keep property in tenantable condition, or other charges provided for in this note, provided said payments, dues, or charges are three months in arrears. This assignment of rents to continue in

force until the amount secured by this note is fully paid. It is also agreed that the taking of possession shall in no manner prevent or retard the said The Capitol Building and Loan Association in the collection of said sums by foreclosure or otherwise.'

"The court finds that, as a matter of law, the foregoing assignment of rents in the two several notes is ineffective so far as the rentals during the period of redemption is concerned."

Plaintiff has appealed from the part of the judgment that the assignment of rents is ineffectual during the period of redemption. This is the sole question before us. We are told the record of the foreclosure action shows that since the judgment of foreclosure the real property has been duly sold by the sheriff for a sum which lacks $500 of the amount of the judgment due on the notes. Plaintiff contends that by virtue of the assignment of rents contained in the notes it should have the rents during the redemption period to apply upon, or to pay in full, the balance due on the notes.

In support of this contention plaintiff cites cases from other jurisdictions, of which *Owsley v. Neeves,* 179 Ill. App. 61, and *Sheakley v. Mechler,* 199 Ia. 1390, 1395, and other cases from the same courts, tend to support that view. These authorities are not controlling here, however, because of the provisions of our statute, similar provisions not being in the statutes of those states. Our statute relating to real-estate mortgages and the right of redemption in the event of foreclosure provides, among other things (R. S. 60-3438), "That any contract in any mortgage or deed of trust waiving the right of redemption shall be null and void." And R. S. 60-3439 provides: "The defendant owner may redeem . . . at any time within eighteen months, . . . and shall, in the meantime, be entitled to the possession of the property." R. S. 60-3456 confers the same right upon the holder of the legal title at the time the order of sale is executed. The right to possession of the property during the redemption period has been held to include the right to rents and profits. (*Bank v. Grain Company,* 63 Kan. 343, 347, 65 Pac. 676; *Nolte v. Morgan,* 86 Kan. 823, 824, 122 Pac. 886; *Schultz v. Stiner,* 97 Kan. 555, 558, 155 Pac. 1073; *Bank v. Dikeman,* 98 Kan. 222, 157 Pac. 1177; *Smith v. Shaver,* 112 Kan. 790, 212 Pac. 666; *Jones v. Perkins,* 115 Kan. 759, 225 Pac. 97; *In re Estate of Wood,* 118 Kan. 548, 235 Pac. 864; *Trinkle v. Chase,* 122 Kan. 781, 253 Pac. 210; *Slabaugh v. State Bank,* 123 Kan. 484, 256 Pac. 139; *Bankers Mortgage Co. v. Robson,* 123 Kan. 746, 754, 256 Pac. 997.) This right to possession and to income, rents and profits of the property

during the period of redemption are incidents which inhere in the right of redemption mentioned in R. S. 60-3438. The statute further provides (R. S. 60-3455), among other things, that "the right of redemption shall not be subject to levy or sale on execution," and R. S. 60-3460 provides that the real estate, once sold, shall not again be liable for sale "for any balance due upon the judgment or decree under which the same is sold . . ." It has been held that one of the purposes of the redemption statute is not only to give the defendant owner time to redeem, but to enable him to have income, rents and profits from the property during the redemption period to enable him, or assist him, to redeem. This purpose is further shown by R. S. 60-3461, which provides that the holder of the certificate of purchase shall be entitled to prevent waste, and, if necessary to accomplish that purpose, may have a receiver appointed, who shall hold the premises until the purchaser is entitled to a deed, and shall be entitled to rent, control and manage the same; "but the income during said time, except what is necessary to keep up repairs and prevent waste, shall go to the owner or defendant in execution, or the owner of its legal title." The provisions of our redemption statute as a whole, and specifically of those hereinbefore referred to, make it clear that the term "right of redemption" used in the statute includes all the benefits to the defendant owner provided by the statute, and of necessity embraces the right to possession and to income, rents and profits during the redemption period. This right of redemption, with all it embraces, cannot be waived by any provisions of the mortgage or trust deed. The result is that there is nothing which can be written in the mortgage or trust deed, or the note or contract which evidences the debt it secures, which can take away from the defendant owner the right to possession and to income, rents and profits of the real property during the period of redemption.

Appellant argues the right to redeem within the period named in the statute and the right of the defendant owner to the possession of the property during that time are separate and distinct things from the rents, profits or income from the property, and says it is not attempting to take from the defendant owner the right to redeem—in fact, hopes he will redeem—nor is it trying to take from him the naked right of possession, but insists that it is entitled to rents and income. That construction of the statute would give the defendant owner naked legal rights as distinct from the beneficial rights which

would grow out of the rents or profits of the property, and is a construction not consistent either with the purposes of the statute as a whole or with the interpretation previously placed upon it by this court. As said in *Smith v. Shaver*, supra:

"If these privileges may be abridged or taken from him by any order or process *in invitum,* then the redemption period becomes a useless superfluity and the right of redemption a vain thing." (p. 793.)

Appellant calls our attention to that portion of R. S. 60-3455 which provides, "The rights of the defendant owner in relation to redemption may be assigned or transferred," and argues that the statute fixes no time when that can be assigned or transferred, hence it may be assigned or transferred at the time the note and mortgage are given; and it is further argued that such an assignment was so made in this case. We cannot agree to this construction of the section of the statute referred to. It should be noted that the statute points out the effect of the assignment which it authorizes to be that the "assignee thereof shall have the same right of redemption as the defendant owner." Now, if plaintiff is relying upon that statute for rights flowing from an assignment, and its argument be sound, then at the time the note and mortgage in question were given the defendant owner, by the provisions of those instruments, assigned to the mortgagee his right of redemption. That would be tantamount to waiving the right of redemption—the very thing which R. S. 60-3438 prohibits. The right of redemption does not come into being until after the sale of the property, and perhaps not until after the confirmation of such sale, hence we think that the proper construction of that portion of R. S. 60-3455 now under discussion is that the right of the defendant owner in relation to redemption may be assigned or transferred after it has actually come into being; that is, after a sale and confirmation. This construction makes the statute in harmony with other provisions of the redemption act. The result is, the judgment of the court below must be affirmed. It is so ordered.