No. 33,054

Treva Aley et al., *Appellees*, v. Mazie Schroeder and Howard Schroeder, Her Husband, *Appellants*.

(62 P. 2d 885)

Opinion filed December 12, 1936.

*Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *Robert H. Nelson,* all of Wichita, for the appellants.

*Henry Lampl, Maurice Lampl* and *Rupert Teall,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Thiele, J.: The matter presented by this appeal arose after a judgment and sale in foreclosure.

Treva Aley, Omrah Aley and Norma D. Whitney, plaintiffs, and Mazie Schroeder, defendant, as tenants in common, owned real property in Wichita which they rented to other persons. For some

time one of the plaintiffs, on behalf of all the owners, had collected the rents and after creating a sinking fund to pay taxes, insurance and upkeep, had accounted for the balance to the parties entitled.

The plaintiffs were the owners of a mortgage on the undivided one-fourth interest of the defendant and brought suit to foreclose their mortgage. As a result of the action, they recovered a judgment, and on May 22, 1935, a sheriff's sale was had at which plaintiffs purchased the property. This sale was confirmed, the period of redemption fixed at eighteen months, and a certificate of purchase was issued to plaintiffs. After the sheriff's sale, plaintiffs insisted that as tenants in common with defendant, they had the right to continue the arrangement respecting the collection of rents, the reserve or sinking fund, and the distribution of the balance only. Defendant demanded that the plaintiffs pay over to her a full one fourth of the rents collected and that they pay her all deductions from her share since the sheriff's sale. The defendant, Mazie Schroeder, filed her motion in the foreclosure action to obtain an order for full payment to her of her share. The matter was heard by the court on statements of counsel, there being no dispute of fact involved. The court denied the motion, and defendant appeals.

Under R. S. 1933 Supp. 60-3439, it is provided that—

"The defendant owner may redeem any real property sold under . . . order of sale . . . at any time within eighteen months . . . and shall in the meantime be entitled to the possession of the property . . ."

Under R. S. 60-3455, it is provided that the right of redemption shall not be subject to levy or sale on execution.

Appellees endeavor to justify by attempting a distinction between the capacities in which the parties stand at different times. They say that in bringing the foreclosure proceedings they stood as plaintiffs and the appellant as defendant, but that in the handling of the rents all parties are tenants in common, and that as tenants in common it is the duty of each to contribute toward the payment of taxes, insurance and upkeep, and they have the right to withhold from defendant her proportionate part of the rents for that purpose, citing in support *Young v. Bigger*, 73 Kan. 146, 84 Pac. 747, *Overlander v. Overlander*, 137 Kan. 653, 21 P. 2d 384, and cases from other jurisdictions. The Kansas cases are not in point here. Under the statutes mentioned, after the sheriff's sale the defendant, to the extent of her interest, was entitled to possession; and her right of redemption was not subject to levy or sale on execution. Assum-

ing that appellees, as tenants in common, had brought an action against appellant, as a cotenant, and had recovered a judgment for a one-fourth share of the taxes, insurance and upkeep paid during the running of the period of redemption, however good the judgment might otherwise be, it could not be collected by levy on appellants' interest in the particular real estate nor on her right of redemption therein.

When the foreclosure proceedings were instituted and prosecuted, appellees in legal effect at least assumed an unfriendly attitude toward appellant which will continue at least until appellant redeems, or failing redemption, until they receive the sheriff's deed and are let into full possession of the real estate. When they collected the rents due, as part thereof they received a full one-fourth share belonging to appellant, and over her objection applied that share in part to the satisfaction of demands for which that particular share was not liable, and which they could not get as the result of levy or sale on execution.

It has been the studied policy of our legislature and our courts to deal liberally with execution debtors, as is evident from the statutes above noted, and many decisions of this court, of which the following are examples: *Nolte v. Morgan,* 86 Kan. 823, 122 Pac. 886; *Smith v. Shaver,* 112 Kan. 790, 212 Pac. 666; *Jones v. Perkins,* 115 Kan. 759, 225 Pac. 97. In view of the public policy of this state, appellants cannot be permitted to do indirectly what they are prohibited from doing directly.

Appellees urge that they and the appellant are tenants in common and that the appellants' motion is neither proper nor timely, and that its denial is not an appealable order. For reasons heretofore given, we are not disposed to permit appellees to put on the cloak of litigants in obtaining a judgment of foreclosure and a sale to themselves under it, and then to doff that cloak and put on the cloak of tenants in common in order to deprive their cotenant of her rights under the statutes. While the appellant might have obtained relief in an independent action, we know of no reason why she may not file her motion in the same action in which her right of redemption has been adjudicated. If she had abandoned the real estate, or had not occupied the same in good faith, or had committed waste, or if the period of redemption had expired and she had refused to surrender possession, appellees would not have had to bring an independent action to obtain relief.

Under R. S. 60-3303, an appealable final order is one which affects a substantial right upon a summary application in an action after judgment. The order complained of is in that classification.

The ruling of the trial court is reversed, and the cause remanded with directions to sustain the motion.