No. 34,284

HOME OWNERS' LOAN CORPORATION, *Appellee*, v. H. A. BENNER and ESTELLA M. BENNER, Husband and Wife, *Appellants*.

(91 P. 2d 9)

Opinion filed June 10, 1939.

*Rex Etnyre* and *B. F. Messick*, both of Topeka, for the appellants.

*Forrest J. Horton*, of Salina, and *George S. Allen*, of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment enforcing a provision of a real-estate mortgage contract which assigned to the mortgagee the rental income of the mortgaged property.

The action was to foreclose a mortgage on a house and lot in Salina which defendants had executed to secure their promissory note for $3,345.67 in favor of plaintiffs, and payable in monthly installments with interest at 5 percent per annum. The note provided that in the event of default of payment of any installment for 90 days the holder of the note, at its option, could declare the remainder of the debt due and collectible without notice. The mortgage given to secure the debt was of the familiar sort used by the

Home Owners' Loan Corporation, and among its terms was the following paragraph:

"The mortgagor herein hereby assigns to Home Owners' Loan Corporation any and all rents on the premises herein described and authorizes said corporation, by its agent, to take possession of said premises at any time there is any default in the payment of the debt hereby secured or in the performance of any obligation herein contained, and rent the same for the account of the mortgagor as described herein and to deduct from such rents all costs of collection and administration and to apply the remainder of the same on the debt hereby secured."

Defendants became delinquent in their installment payments and on August 14, 1937, plaintiff brought suit to foreclose. Summons was issued to defendants, directed to the sheriff of Riley county for service, and on which that officer made return on August 30, 1937.

Thereafter, on September 27, 1937, plaintiff filed an application for an order requiring the tenants occupying the mortgaged property to pay their accruing rentals to the clerk of the district court so that they could be applied toward the payment of the mortgage debt. On the following day the tenant occupants of the property were notified that this application had been filed and would be heard on October 1, 1937, in the district court, and they were cautioned not to pay any of the accruing rents to defendants.

On October 1, 1937, the district court made the order applied for, and directed that all accruing rents should thereafter be paid to the clerk of the district court until the date of sale of the property in foreclosure or until the court should otherwise direct.

On April 2, 1938, defendant H. A. Benner made a special appearance to present a motion to quash the service of summons. This motion was not ruled on, but an alias summons to him was issued, directed to the sheriff of Shawnee county and served by that officer on April 17, 1938.

On May 17, 1938, defendant Benner, by special appearance, filed a motion to set aside the court's order of October 1, 1937, impounding the rents of the mortgaged property on the following grounds:

(a) That the mortgaged property was his homestead and the rents thereof were exempt to him under the constitution and statutes of this state.

(b) That no service had been had on defendant at the time the order of October 1, 1937, was made.

(c) That defendant had no notice of the time or place of the hearing of the application for an order impounding the rents.

On June 4, 1938, which was the regular motion day of the court, defendants failed to appear in person or by attorney. Their motion of May 17, 1938, was overruled and they were given 20 days in which to plead. No answer being filed within the time allowed, judgment was entered for plaintiff on June 29, 1938. To set aside that judgment, on July 28, 1938, defendants filed a motion, which plaintiff confessed; the judgment was set aside, and defendants were given until December 5, 1938, to answer.

In the answer of defendant Benner, various matters of no present consequence were pleaded, but a special plea was included to the effect that the provision in the mortgage, quoted above, was without consideration, that it violated the homestead rights of defendants as conferred by our state constitution and statutes and deprived defendants of their use and enjoyment of their property and their other privileges incident thereto up to the date of the sale in foreclosure. It was further pleaded that the acts of congress which had created the plaintiff corporation and prescribed its powers did not authorize it to exact the challenged provision as one of the terms on which it would loan its funds to distressed owners of homesteads. Defendant's answer also referred to G. S. 1935, 60-1201 to 60-1208, to which we may recur if necessary in the course of this review.

On December 10, 1938, all matters at issue were disposed of. The trial court found that the amount of $3,971.73 as principal and interest was due the plaintiff; that the sum of $352.91 as impounded rents had been paid by defendants' tenants to the clerk of the court as directed by the court's order of October 1, 1937; that the latter sum should be applied on the indebtedness as found by the court and that plaintiff should have judgment for the balance then due, $3,618.82; that the mortgage to secure payment thereof be foreclosed, and if payment were not made in 10 days an order of sale should issue and a foreclosure sale be had in due course with the usual instructions. All of defendants' motions then pending were denied and disposed of, including one filed the same day which asked for a new trial.

Defendant Benner appeals, specifying error on the court's adverse rulings to his objections to the enforcement of the provisions of the mortgage touching the assignment of the rents to the mortgagee and matters incidental thereto.

Appellee suggests that there was no finding of the trial court that the mortgaged property was the defendants' homestead, but for the

purpose of this appeal we shall assume that it was. And while it is true that under our constitution and pertinent statutes the family homestead cannot be alienated without the joint consent of husband and wife, in the instant case the mortgage was so executed. Alienation of the homestead may be complete as by a deed (*Elliott v. Faulkner*, 131 Kan. 528, 534, 292 Pac. 918); it may be conditional. as by a mortgage (*Ferguson v. Nuttleman*, 110 Kan. 718, 721, 205 Pac. 365); and it may be merely partial and temporary as by a lease of the premises. To deny the validity of defendants' voluntary assignment of the rents in this case would be to restrict their right to dispose of their homestead or any right or interest pertaining thereto. The objection to the trial court's ruling touching the impounded rents, based on the fact that such rents were the income of defendants' homestead, cannot be sustained.

In other respects it is difficult to discern anything in this appeal that is not essentially governed by what this court has said in other recent cases. (*Hall v. Goldsworthy*, 136 Kan. 247, 14 P. 2d 659; *Farmers Union Jobbing Ass'n v. Sullivan*, 137 Kan. 196, 19 P. 2d 476; *Kershaw v. Squier*, 137 Kan. 855, 22 P. 2d 468; *Holton B. & L. Ass'n v. Gibson*, 139 Kan. 829, 33 P. 2d 138.)

In 41 C. J. 628-629 the pertinent rule is thus stated:

"It is competent for the parties to agree that the rents shall be collected by the mortgagee or a trustee and applied in reduction of the debt secured by the mortgage, and the mortgage may be so drawn as to pledge the rents and profits specifically as security, in which case they become, equally with the land, a primary security; and mortgages also frequently contain clauses assigning the rents to the mortgagee."

See, also, Anno.—Mortgage—Provision as to Rents and Profits, 87 A. L. R. 625-644.

Among the cases in other jurisdictions which accord in principle with our own decisions and the rule just quoted from Corpus Juris, we have found the following instructive: *Title Guaranty & Trust Co. v. Monson*, 11 Cal. (2d) 621, 81 P. 2d 944; *White v. Anthony Investment Co.*, 119 Fla. 108, 160 So. 881; *Mutual Life Ins. Co. v. Sutton*, 278 Mich. 457, 270 N. W. 748; *Dick & Reuteman Co. v. Jem Realty Co.*, 225 Wis. 428, 274 N. W. 416; *Central States Life Ins. Co. v. Carlson*, 98 F. (2d) 102.

In *First Joint S. L. Bk. v. Armstrong*, 220 Ia. 416, 262 N. W. 815, the court held that the rents and profits of mortgaged real estate pledged for the payment of the mortgage debt constituted a sort of chattel mortgage which became due and enforceable upon

default of the mortgagor and upon the inception of proceedings to foreclose the mortgage.

In examining these interesting cases, with their diverse procedural shadings, we find none which excels our own decisions in their solicitude that no unfair advantage be taken of the mortgage debtor, nor any which guards with greater zeal his unassailable right to the rents and profits of the property during the redemption period following its sale in foreclosure. (*Smith v. Shaver,* 112 Kan. 790; 212 Pac. 666; *Slabaugh v. State Bank,* 123 Kan. 484, 256 Pac. 139; *Capitol B. & L. Ass'n v. Ross,* 134 Kan. 441, 7 P. 2d 86; *Aley v. Schroeder,* 144 Kan. 739, 741, 62 P. 2d 885.)

See, also, *Verdon State Bank v. Smyth,* 137 Kan. 1, 18 P. 2d 897; *Home Owners' Loan Corp. v. Torrey,* 146 Kan. 332, 69 P. 2d 1096; *Home Owners' Loan Corp. v. Dalton,* 148 Kan. 580, 83 P. 2d. 624.

Counsel for defendants have a talking point based on the fact that because of something the record does not make clear, good and sufficient service of summons had not been made on defendant when the trial court made its order impounding the rents. But how was he hurt on that account? When alias service was effected, he moved to set aside the order, but he had nothing tenable to offer in support of his motion. Moreover, under the terms of the paragraph in the mortgage assigning the rents to plaintiff upon default of the mortgagor, personal service on defendant was not necessary. The action could have proceeded to a finality in every respect as a proceeding in rem; and the order *ex parte* was quite sufficient to impound the rents pending the foreclosure proceedings and until the property was actually sold by the sheriff pursuant to a judgment in foreclosure.

A final objection to the order applying the impounded rents to the satisfaction of the principal indebtedness is based on the fact that the court had no power to make such an order without first finding that the real estate itself was insufficient to pay it. We think the provision in the mortgage is so worded as to make them a primary security for the satisfaction of defendants' indebtedness.

This court discerns nothing at variance with our constitution nor with any state or federal statute, nor with any rule of public policy which would vitiate the provision for the assignment of the rents voluntarily executed by defendants, nor in the judgment of the trial court pertaining thereto. The judgment is therefore affirmed.