No. 35,830

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, *Appellant*, v. MARIAN E. GRANDY (also known as MARIAN LYMAN GRANDY) and RAYMOND O. GRANDY, Her Husband, et al., *Appellees*.

(135 P. 2d 536)

Opinion filed April 10, 1943.

*Jay Sullivan*, of Emporia, was on the briefs for the appellant.

*George W. Finney* and *Maurice A. Wildgen*, both of Larned, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: The present appeal presents the question whether a holder of a certificate of purchase of real estate issued in a mortgage foreclosure action may retain the consideration received by it

for the execution of an oil and gas lease under the facts as hereafter set forth and concerning which there is no dispute.

Following a judgment in an action to foreclose a mortgage on real property a sheriff's sale was had on December 30, 1940, and later duly confirmed, and a certificate of purchase was issued, which on March 24, 1941, was assigned to the plaintiff. Under date of November 12, 1941, the plaintiff executed an oil and gas lease on the real property to one Russell Murray. Briefly stated, this lease, in its caption, stated that the lessor was the holder of the certificate of purchase above mentioned, but otherwise the lease was in usual form. The consideration stated was one dollar, the term was for ten years, and it was provided that if no well was commenced on or before November 12, 1942, the lease should terminate unless certain rentals were paid.

Under date of November 26, 1941, the defendant landowners executed an instrument, stating a consideration of one dollar and recognizing the oil and gas lease as being in full force and effect.

On June 17, 1942, the defendant owners caused the real property to be redeemed by paying to the clerk of the district court the full amount necessary to redeem, and shortly thereafter they filed a motion setting up the facts, which need not be repeated, and in effect that although the stated consideration in the oil and gas lease was one dollar, plaintiff received the sum of $302 as rentals which had not been accounted to the court for the benefit of the landowners, and that plaintiff should be compelled to account. Plaintiff filed its motion, which need not be set forth in detail but in effect it contended the $302 received by it was not rents, issues and profits from the real property; that as owner of the certificate of purchase it had an interest in the real property separate and distinct from the fee, and that the oil and gas lease was binding only on plaintiff's estate in the real property, and the consideration it received for the lease was not a rental for the use and occupation of the fee and not subject to be accounted for as rents, issues and profits to which the landowner was entitled during the period of redemption, and asking that the motion of the defendant landowners be dismissed with prejudice.

On the hearing of these motions on October 6, 1942, the trial court found that plaintiff had received the sum of $302 as consideration for the execution of the oil and gas lease in November, 1941; that the defendants had caused the real property to be redeemed

by paying to the clerk of the district court an amount sufficient to pay the entire sum due on the judgment, interest, taxes and court costs accrued in favor of the holder of the certificate of purchase; that defendants and plaintiff had agreed that the sum of $317 be retained by the clerk during pendency of the motions, the sum held being the amount paid by the lessee to plaintiff, and $15 to cover court costs that might accrue, and upon consideration the trial court found that the $302 should be paid to the defendants, the balance after deducting costs to the plaintiff, and it rendered judgment accordingly. From this judgment the plaintiff appeals, the sole question being whether the $302 is to be considered as "rent, income or profit" within the meaning of our statutes pertaining to redemption.

Under G. S. 1935, 60-3439, it is provided that during the period of redemption the defendant owner may redeem any real property sold under order of sale upon paying the amounts specified, "and shall in the meantime be entitled to the possession of the property." We need not review our decisions holding that the right to rents, income and profits is incident to and included in the right of possession, for appellant concedes that we have held consistently to that effect. (See, e. g., *Capitol B. & L. Ass'n v. Ross,* 134 Kan. 441, 7 P. 2d 86, and cases cited therein.)

The substance of appellant's argument is that by reason of its holding the certificate of purchase issued following the sheriff's sale it acquired an equitable interest in the real estate (see *Chambers v. Rose,* 111 Kan. 22, 206 Pac. 336; also *Mace v. Norwood,* 155 Kan. 302, 306, 124 P. 2d 497); that it had no possessory rights, and it could not convey them "nor did appellant purport to convey any such rights" and that the lease did not grant any such rights, and that the sum received by it cannot be considered as a rental for any use or occupation of the land during the period of redemption, but was simply a consideration paid to appellant for "presently subjecting its future contingent title to the land to the terms and conditions of an oil and gas lease." We shall not devote much time to demonstrating that the lease is not subject to the interpretation placed upon it by appellant.

Although the lessor did describe itself as holder of a certificate of purchase, the grant made was not limited to what it now calls its equitable interest. The lease was for a term of ten years, and if a well was not commenced within one year the lease could be con-

690

tinued in effect by payment of stipulated rentals. It is true the amount received by the appellant was not for rentals as that term is used in the lease—the amount received was the initial consideration of the lease. That consideration was for a present right to occupy the real estate, whether exercised or not, and we need not stop now to carefully classify that consideration as rent or as income or as profit, for by whatever name it might be called, it arose from and was incident to the right of possession—a right that belonged wholly to the owners of the real property. The full extent of the right of the holder of the certificate of purchase during the period of redemption in the event the right of redemption was exercised was to be repaid the amount for which the real property was sold, with interest and such items as might be properly added. (See G. S. 1935, 60-3443.) That it received such an amount is undisputed. That it was not entitled to receive more is clear from our decisions. (See *Capitol B. & L. Ass'n v. Ross,* supra, and *Aley v. Schroeder,* 144 Kan. 739, 62 P. 2d 885, and cases cited.)

The judgment of the trial court is affirmed.