(646 P.2d 1138)
No. 53,339

LEONARD ROPFOGEL, *Appellant,* v. PAUL and JUNE ENEGREN,
*Defendants-Appellee.*

Opinion filed
June 17, 1982.

*Thomas C. Triplett,* of Martin, Pringle, Fair, Davis & Oliver, of Wichita, for appellant.

*Karl W. Friedel,* of Martin, Cooper, Churchill, Friedel & Overman, of Wichita, for appellee.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: The plaintiff, Leonard Ropfogel, appeals from an order holding that funds derived from the rental of real property which was subject to the right of redemption were not subject to garnishment while held by a receiver who was appointed by the trial court to prevent waste, pursuant to K.S.A. 1981 Supp. 60-2414(*p*).

The parties have stipulated that Ropfogel obtained a judgment ($250,000 plus interest and costs) against the defendants, Paul and June Enegren. June Enegren owned a number of parcels of land which were sold pursuant to writs of execution. Ropfogel purchased the properties at a sheriff's sale and was issued certificates of purchase therefor. The proceeds from the execution sale did not satisfy the judgment. During the 12-month redemption period, Ropfogel requested the trial court to appoint a receiver to prevent waste, pursuant to K.S.A. 1981 Supp. 60-2414(*p*), and the trial court complied. The receiver managed the properties and paid such expenses as are authorized by K.S.A. 1981 Supp. 60-2414(*p*). Ropfogel filed a garnishment against the receiver to attach the rent receipts held by the receiver and due to June

Enegren. At the expiration of the statutory redemption period, the trial court terminated the receivership and ordered the remaining rental proceeds paid to June Enegren.

Ropfogel readily concedes that under K.S.A. 1981 Supp. 60-2414(*p*), rents collected during the redemption period belong to June Enegren. He argues, however, that the properties could be seized and sold in the first instance because they are nonexempt property. He further argues that the judgment creditor could garnish the rents prior to execution. He thus reasons that June Enegren was entitled to the rents which were subject to garnishment prior to the execution sale, and under K.S.A. 1981 Supp. 60-2414(*p*) she is still entitled to the rents; furthermore, since there is no specific statutory exemption of rents from garnishment during the redemption period, the legislature did not intend to exempt the rental proceeds from garnishment.

Ropfogel seizes on language in *International Harvester Credit Corp. v. Ross,* 217 Kan. 683, 538 P.2d 655 (1975) as authority for his position. The court in *International Harvester* considered whether a judgment creditor could garnish the proceeds received by a debtor from the voluntary sale of his homestead when the debtor shows no intent to invest the proceeds in another homestead. Ropfogel recognizes that the Supreme Court was considering an issue entirely different from the one before us; but he argues that the rationale expressed by the Supreme Court, that the legislature would have so expressed had it intended the proceeds from the homestead sale to remain exempt, is applicable to the case before us.

K.S.A. 1981 Supp. 60-2414 provides in pertinent part:

"(*a*)  .  .  .   the defendant owner may redeem any real property sold under execution  .  .  .   and shall in the meantime be entitled to the possession of the property  .  .  .  .

.  .  .  .

"(*p*) The holder of the certificate of purchase shall be entitled to prevent any waste or destruction of the premises purchased, and for that purpose the court, on proper showing, may issue an injunction, or, when required to protect said premises against waste, appoint and place in charge thereof a *receiver, who shall hold said premises until such time as the purchaser is entitled to a deed, and shall be entitled to rent, control and manage the same, but the income during said time,* except what is necessary to keep up repairs and prevent waste, and the amount necessary to pay real estate taxes and insurance premiums, *shall go to the person who otherwise would be entitled to possession during the period of redemption."* (Emphasis supplied.)

The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *State v. Dumler,* 221 Kan. 386, Syl. ¶ 1, 559 P.2d 798 (1977). Consideration should be given to historical background, legislative proceedings and changes made in a statute during the course of its enactment, as well as to changes proposed, adopted, or rejected after its enactment and the legislature's reaction or inaction to judicial interpretation of its intent. Appellate courts should also consider the effect the statute might have under the various constructions suggested. *Southeast Kansas Landowners Ass'n v. Kansas Turnpike Auth.,* 224 Kan. 357, 367, 582 P.2d 1123 (1978); *State v. Luginbill,* 223 Kan. 15, Syl. ¶ 2, 574 P.2d 140 (1977). Legislative intent is to be determined by a general consideration of the applicable statutes. Insofar as is practicable, a court should reconcile the different provisions so as to make them consistent, harmonious and sensible. *Fleming Company v. McDonald,* 212 Kan. 11, 509 P.2d 1162 (1973).

The Kansas Supreme Court, in *In re Estate of Wood,* 118 Kan. 548, 235 Pac. 864 (1925), considered whether the right of redemption and the right of possession of a decedent in a mortgage foreclosure action is subject to sale in a probate proceeding for the payment of the decedent's debts and costs of administration. The Supreme Court stated it considered the general policy of the legislature to be to *exempt* the right of possession and right of redemption from seizure by any process, and thus the administrator was entitled to realize the value of the use of the land during the redemption period.

In *Capitol B. & L. Ass'n v. Ross,* 134 Kan. 441, 7 P.2d 86 (1932), the Kansas Supreme Court considered an argument somewhat analogous to the one Ropfogel makes here; and although the legal issues are different, the language used by the Supreme Court in rejecting the owner's argument is applicable to the issue we are considering. The Supreme Court stated:

"The right to possession of the property during the redemption period has been held to include the right to rents and profits. [Cites omitted.] . . . . It has been held that one of the purposes of the redemption statute is not only to give the defendant owner time to redeem, but to enable him to have income, rents and profits from the property during the redemption period to enable him, or assist him, to redeem.

". . . . That construction of the statute [an argument similar to the one

Ropfogel makes here; *i.e.,* the owner is entitled to possession and the right to redeem, but that does not mean the rents and profits cannot be taken] would give the defendant owner naked legal rights as distinct from the beneficial rights which would grow out of the rents or profits of the property, and is a construction not consistent either with the purposes of the statute as a whole or with the interpretation previously placed upon it by this court." 134 Kan. at 442-44.

In *Aley v. Schroeder,* 144 Kan. 739, 62 P.2d 885 (1936), the Supreme Court considered whether tenants in common, who as mortgagees had foreclosed against their cotenant and purchased the property at a sheriff's sale, could withhold any portion of the rents accrued during the redemption period for the avowed purpose of paying the defaulting cotenant's proportionate share of the taxes, insurance and repairs on the mortgaged real estate. The Supreme Court considered the mortgagees to be creditors and reasoned that if they had obtained a judgment they could not have levied on the mortgagor's share of the rent, stating:

"It has been the studied policy of our legislature and our courts to deal liberally with execution debtors, as is evident from the statutes above noted, and many decisions of this court, of which the following are examples: [cites omitted]. In view of the public policy of this state, appellants cannot be permitted to do indirectly [withhold mortgagor's share of rents received during redemption period] what they are prohibited from doing directly [seize by levy]." 144 Kan. at 741.

It appears our Supreme Court has taken the position that an individual's right of redemption is an *exception* that may not be levied upon. *Southwest State Bank v. Quinn,* 198 Kan. 359, 362-63, 424 P.2d 620 (1967); *Bankers Mortgage Co. v. Robson,* 123 Kan. 746, Syl. ¶ 7, 256 Pac. 997 (1927); *In re Trinkle v. Chase,* 122 Kan. 781, 253 Pac. 210 (1927).

As we construe the Supreme Court cases, legislative history and the legislature's reaction or inaction, it has been the public policy of this state to steadfastly protect a debtor and the debtor's family by granting them a statutory redemption period. The debtor is given the right of possession during the redemption period and the rents and profits derived from the mortgaged property during that period are exempt from seizure by any creditor not authorized to levy by the redemption statute (K.S.A. 1981 Supp. 60-2414). We see no evidence of any intent on the part of the legislature or the Supreme Court to change that policy. Thus, the trial judge did not err in holding that the rental income in the

hands of the receiver are not subject to garnishment by Leonard Ropfogel.

Affirmed.