Crow, Appellant, vs. Day, Administrator, etc., Respondent.

*October 17 — November 1, 1887.*

*County court, jurisdiction of: Executors and administrators: Rights of mortgagee.*

1. Where the mortgagee of lands of a deceased person does not present his claim to the county court for allowance, but takes a conveyance of the land from the widow and heirs of the deceased in satisfaction of his mortgage, that court cannot know or protect him as mortgagee. Upon his petition, it may order the portion assigned for the widow's dower to be delivered to him, but it has no jurisdiction to order the administrator to surrender the possession

of the whole mortgaged property to him, or to pay to him all rents collected and not needed to pay expenses of administration, nor can it order him to sell the land for the payment of debts, except in the mode prescribed by ch. 167, R. S. The mortgagee's remedy is in the circuit court.

2. The administrator of an insolvent estate is entitled to possession of the real estate belonging thereto, pending the administration, although it be mortgaged, and to collect the rents thereof for the benefit of the creditors who have proved their claims, unless prevented by some proper proceeding by the mortgagee.

APPEAL from the Circuit Court for *Grant* County.

The case is fully stated in the opinion.

For the appellant there was a brief by *Clark & Mills*, and oral argument by *J. T. Mills*. Among other things, they argued that the administrator might, under license, sell the real estate subject to the appellant's mortgage. Secs. 3874, 3875, 3897, R. S. This may be done even after partition among or a sale by the heirs. *Pierce v. Pierce*, 64 Wis. 75; *Kammerrer v. Ziegler*, 1 Dem. 177. It was his duty to apply for license as soon as he ascertained that the estate was insolvent. Until then he was not entitled to possession of the real estate. *Filbey v. Carrier*, 45 Wis. 471. By the conveyance and delivery of possession the appellant became entitled as mortgagee to retain possession until he was paid. *Gillett v. Eaton*, 6 Wis. 40. The administrator is not justified, under sec. 3823, R. S., in retaining possession for an indefinite period. Under secs. 3839, 3850, 3877, 4050, R. S., the appellant had a right to appear and be heard in the county court. *Betts v. Shotton*, 27 Wis. 670. The only right the common creditors have in this real estate is to redeem, and the appellant standing in the place of the heirs, is entitled to possession. In such a case the county court can give the same relief as a court of equity. *Brook v. Chappell*, 34 Wis. 410; *Batchelder v. Batchelder*, 20 id. 453; *Tryon v. Farnsworth*, 30 id. 581; *Lannon v. Hackett*, 49 id. 270. The administrator is not bound to take posses-

sion of real estate, unless the rents and profits are needed in the settlement of the estate. *Filbey v. Carrier*, 45 Wis. 471; *Jones v. Billstein*, 28 id. 228.

For the respondent there was a brief by *Orr & Lowry*, and oral argument by *W. E. Carter*. They took the ground that the county court could not, on the appellant's petition, order the administrator to procure a license to sell real estate, he being neither a creditor nor an heir at law, and therefore not aggrieved. To do so, or to order deliverance of possession, would be in effect to give him a foreclosure of his mortgage, which the county court cannot do either directly or indirectly. Under sec. 3823, R. S., the administrator may take possession and hold pending administration.

ORTON, J. The appellant filed his petition in the county court of Grant county, setting forth the following facts, viz.: One Wesley Crow died intestate October 8, 1883, leaving his widow, Mahala Crow, and adult children, Charles M. Crow, Arabella Crow, Leroy W. Crow, Ladora Crow, Albert Crow, and Celia Crow. The respondent was appointed administrator, and made an inventory of the personal property appraised at $671.20, and allowance to the widow, $200. On March 20, 1884, the administrator, under an order of the court, sold all the personal property applicable to the payment of the debts, for $408.20. Commissioners appointed for that purpose allowed unsecured claims of $824.08. On the 28th day of January, 1879, the said Wesley Crow, deceased, and his wife mortgaged all the land the deceased owned at the time and when he died, of certain description, situated in said county, valued at the sum of $3,200, to *Nelson V. A. Crow*, the appellant, for the sum of $2,155 borrowed money, with interest at ten per cent., none of which has ever been paid. The land is worth much less than the amount of the mortgage debt and interest, and on the 8th

day of January, 1884, the said widow and the said heirs, being unable to pay the same, conveyed said land by quit-claim deed to said mortgagee, and surrendered the possession, and their right of possession, of the said land to him. All the other property of said estate, and proceeds thereof, as aforesaid, were insufficient to pay the unsecured claims so proved and allowed. The respondent administrator claims the right of possession to said land, and to rent the same, and apply the rents to the payment of said claims, and $40 of rents was in the hands of the administrator to await the order of the county court.

The prayer is that the administrator account, pay over said $40, if not necessary to pay expenses of administration, deliver possession of said land to the petitioner, and sell or lease the same for the payment of such indebtedness, subject to said mortgage. The county court ordered the administrator to surrender to the petitioner the dower of said widow, when admeasured, and that he sell or mortgage the remainder on the best possible terms, for the benefit of the common creditors. In compliance with said order the said administrator leased the same. The petitioner appealed from said order to the circuit court. The circuit court affirmed that part of the order that directs the administrator to surrender the widow's dower interest in the land to the petitioner, and as to all other matters ordered that the appeal be dismissed for want of jurisdiction in the county court.

The appellant assigns as error: (1) That the circuit court made no order for the distribution of the money now in the hands of the administrator, nor directed the county court to do so. (2) That the circuit court did not order the administrator to procure a license to sell said real estate, or to surrender the possession of said land to the petitioner, or direct the administrator to pay the petitioner the interest on his mortgage debt.

It is supposed that the money that the petitioner desires to have the administrator distribute, or to be applied to the payment of the interest on the mortgage debt, is the $40 so received for rents upon the land. It is very clear that the petitioner has no interest in the distribution of the other moneys of the estate which are to be applied to the payment of claims proved and allowed. The petitioner as mortgagee has never proved his claim, or filed the same in the county court. The administrator had the right to the possession of the land pending the administration, and to collect the rents of the same for the benefit of the creditors, unless he had been prevented by some proper proceeding by the petitioner, as mortgagee, to have the same applied upon his mortgage, and no such proceeding has ever been taken. Sec. 2823, R. S. The administrator is charged with that $40, so legitimately collected as rents, and is required to pay the same to the common creditors who had proved their claims. The county court had no jurisdiction to protect the rights of the petitioner as mortgagee merely, and he is an utter stranger in that court. He should have applied in proper time to the circuit court for such relief, if he was entitled to any. The county court could know nothing of that $40, except that it was collected as rents from the real estate in the possession of the administrator, and is applicable, as part of the assets, to the payment of the allowed claims. That court does not, and cannot, know the petitioner as mortgagee simply. If, as mortgagee, he had proved his claim in the county court, and it had been determined in some proper way that there was a deficiency after sale of the land, then, for such deficiency, he might stand as one of the creditors, and have an interest in said $40 as collected rents; but in no other way could the county court consider or adjudicate upon his claim. Neither could the county court order the surrender of the possession of the land to the petitioner as mortgagee. It has no jurisdic-

tion in such matter. It could as well adjudge a common or strict foreclosure of the mortgage.

As to the failure of the county court to order the administrator to sell the land subject to the mortgage, the same want of jurisdiction exists. That court knows nothing of the mortgagee, for he has not proved his claim as a creditor of the estate. The conditions upon which the land can be sold to pay debts are specifically prescribed in ch. 167, R. S., and there is no jurisdiction in the county court of that matter, outside of the statute. If the county court had clear jurisdiction in the matters, as claimed by the petitioner, it certainly ought not to have put this insolvent estate to the expense of selling the land, when it is absolutely certain that it could not have been sold at such price as would more than pay the mortgage debt. According to the petition, neither the estate, the creditors, nor the administrator, the widow, nor the heirs, nor any one except the petitioner himself, has any interest in such a sale, except to pay the expenses, or would in any respect be benefited by it. It is too plain for argument that the petitioner's only remedy in respect to his mortgage or mortgage interests must be sought by foreclosure or some proper proceeding in the circuit court. He is certainly an intruder in the county court as to the matters he complains of. The circuit court proceeded sufficiently far in the order made, and very properly dismissed the appeal as to all other matters.

*By the Court.*—The judgment of the circuit court is affirmed.