## ELISHA M. GRAHAM v. AMANDA GRAHAM, *et al.*

COSTS *in District Court, Not Recovered.* Where the holder of a note secured by a mortgage presents it and secures its allowance in the probate court, as a demand against the estate of the maker, and upon his application the land described in the mortgage is sold by order of said court, and out of the proceeds of the sale the administrator pays him the note in full, with interest, he cannot recover his costs

in an action in the district court upon the note and mortgage, commenced after he had made application in the probate court to sell the land.

*Error from Linn District Court.*

THE opinion states the case. Judgment for defendants, at the December Term, 1885. The plaintiff brings the case here.

*Ware, Biddle & Cory,* for plaintiff in error.

*James D. Snoddy,* for defendant in error Leasure.

Opinion by HOLT, C.: Robert Ewing, a widower, died on the 8th day of January, 1883, leaving his children as his sole heirs, being all of the defendants in this action except M. F. Leasure. The plaintiff held his note for $365.60, secured by mortgage on some property in Linn county. On the 24th of June, 1884, said plaintiff, for the purpose of collecting said note, coöperated with the heirs of said Ewing, and caused M. F. Leasure to be appointed administrator of said estate. When Leasure was qualified and acting as administrator, the plaintiff filed his note in the probate court and secured an allowance and judgment for the full amount thereof against said estate. On the 2d of February, 1885, the administrator, by direction of the plaintiff, began proceedings in the probate court of Linn county, to sell the premises named in the mortgage for the purpose of paying off plaintiff's debt, and other debts of Ewing's estate, and on the 10th day of March, 1885, obtained in that court an order to sell said real estate; the land was sold in April; in July the administrator, out of the proceeds of the sale of the land, paid to plaintiff $492.21, being the amount of the note at that time. On the 4th day of March of the same year, the plaintiff began this action in the district court of Linn county.

The only question before us is concerning the payment of the costs of this action in the district court, which defendants refused to pay. The court held that the plaintiff could not recover his costs of the defendants. We believe that was cor-

rect. He had elected his forum, and won all he sought; his claim was paid in full, and the estate was compelled to pay the costs of the proceeding in the probate court. The plaintiff had the undoubted right to seek relief in either the probate or the district court—perhaps in both at the same time, if he had simply asked for the allowance of his note in the probate court, and only for a judgment in the district court establishing the mortgage lien as a judgment lien, and an order to sell the real estate in question; but it is specially found by the court that he had obtained the allowance of his note as a debt against the estate, and had instituted proceedings in the probate court to sell the identical land to pay this and other debts of the estate, and had caused the same to be sold, and received from the proceeds of such sale payment in full of his claim. He asked for the same relief, substantially, in the district court, including the order to sell the land which had been sold under an order of the probate court. The estate had paid the costs of the proceedings in the probate court; the plaintiff should pay in the district court the costs he unnecessarily incurred.

There are other questions suggested in the briefs of the parties, but as this disposes of the case, we think it unnecessary to decide them. We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.