No. 33,855

In re Estate of Fred L. Hartley, Deceased. (THE SECURITY SAVINGS & LOAN ASSOCIATION, *Appellant,* v. FLORENCE A. HARTLEY, as Administratrix With the Will Annexed, THE EBERHARDT LUMBER COMPANY, and MARY McCONNELL, *Appellees.*)

(80 P. 2d 1)

Opinion filed June 11, 1938.

*John Hamilton Wilson,* of Salina, for the appellant.

*C. W. Burch, B. I. Litowich, LaRue Royce, W. B. Crowther, Morris Johnson* and *Alex H. Miller,* all of Salina, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This appeal presents the question whether the probate court must order an administratrix to sell mortgaged real estate on the insistent demand of the mortgagee.

The probate court ruled to the contrary, and the district court sustained that ruling. Hence this appeal.

The pertinent facts were these: On September 8, 1936, the late Fred L. Hartley, of Saline county, died testate, naming his widow, Florence A. Hartley, as sole beneficiary of his estate. On October 24, 1936, the widow qualified as administratrix with the will annexed. The personal estate was inconsiderable and quite insufficient to pay the debts of the testator. Exclusive of the homestead, there were twelve separate pieces of Salina real property belonging to the estate, each of which was mortgaged so heavily that the equitable margins in them were negligible, and most of them were also encumbered with delinquent taxes.

The Security Savings & Loan Association held mortgages covering three separate pieces of property of Hartley's estate, viz.:

| No. | Mortgage | Taxes | Valuation | Value of Equity |
|---|---|---|---|---|
| 4 | $3,200 | $311.20 | $2,650 | 0 |
| 9 | 3,250 | 308.13 | 2,750 | 0 |
| 10 | 650 | 142.14 | 300 | 0 |

These mortgages had been executed by the testator to secure certain of his promissory notes dated December 17, 1923, November 1, 1925, and January 20, 1926, respectively. All of these notes were long overdue and large sums of accrued interest were also due thereon.

Instead of instituting actions in a court of competent jurisdiction to reduce these notes to judgment and to foreclose the mortgages given to secure their payment, appellant filed in the probate court its petition and proof of demand against the estate. Attached to its petition as exhibits were copies of the notes and the related mortgages. The petition also alleged:

"The several debts above mentioned are by reason of the above-described mortgages the first liens respectfully [respectively] in, to and upon the first, second and third parcels above mentioned and described, and said debts are due and unpaid and there are not sufficient personal assets in the estate of said decedent to pay the same and said lands and tenements should be sold for the payment thereof, the proceeds of said sales respectfully [respectively] first to be applied upon the debt owing to petitioner and claimant, and for the payment of any other debts and expenses of administration as are or shall otherwise not be paid. . . . Wherefore petitioner and claimant prays that its three claims aforesaid be allowed as debts of said estate secured as aforesaid and that the administratrix with the will annexed of said estate be required by an order of this court to sell said land and the proceeds of said sales apply respectfully [respectively] upon petitioner's liens above set forth and further that she be required to sell such other lands and tenements of the decedent subject to the payment of debts as shall be necessary for the payment of petitioner's claims."

The probate court ordered that appellant's claims be allowed as of the *fifth* class (G. S. 1935, 22-701), but declined to order the administratrix to sell the lands covered by its mortgages.

When the cause came on for review in the district court, extended findings of fact and conclusions of law were made. Among the latter were the following:

"1. A sale of the properties in the probate court upon this petition would eliminate the equity of redemption in said properties, and the right to redeem the same, as provided by law, on behalf of the estate and the second lien holders. . . .

"2. That the estate of said decedent could not benefit by the sale of said properties for the payment of said mortgage liens, for the reason that neither of said properties would sell for more than the amount of the first mortgages and taxes on such properties, and the administratrix should not be required to institute proceedings to sell said properties for the benefit of said mortgagee.

. . . . . . . . . . . . . .

"4. That there being no equity in said properties, the remedy of said mortgagee is by regular foreclosure proceedings, and that the action of the petitioner amounts to a short cut or a quick method of applying the proceeds of the mortgaged property to the payment of the mortgage liens, and is not authorized by law, and that the statute requiring the administratrix to sell real estate for the payment of debts of creditors applies to creditors generally, and does not require the said administratrix to select mortgaged properties and

start proceedings in the probate court to sell the same for payment of the mortgage debt, when the general creditors could in no wise be benefited from such proceedings, but would suffer an evident loss as a result therefrom."

It is of the judgment rendered in accordance with these conclusions that appellant now complains. It cites the statute relied on to force a sale of the mortgaged properties in the probate court, the pertinent provisions of which read:

"As soon as the executor or administrator shall ascertain that the personal estate in his hands will be insufficient to pay all the debts of the deceased and the charges of administering the estate, he shall apply to the probate court for authority to sell the real estate of the deceased, or any interest he may have in any real estate situated within this state subject to the payment of debts." (G. S. 1935, 22-801.)

"If the court is satisfied that it is necessary to sell real estate of the deceased to pay his debts, it shall order the real estate described in the petition, or so much thereof as may be necessary for the payment of the debts, to be sold at public or private sale, as the court may direct, by the executor or administrator, for cash in hand, or upon deferred payments not exceeding two years, with interest, as shall be ordered by the court." (G. S. 1935, 22-807.)

"The money arising from the sale of real estate shall be applied in the following order: *First,* to discharge the costs and expenses of the sale and percentage and charges of the executor or administrator thereon, for his administration of the same; *second,* the payment of mortgages and judgments or other liens or claims upon the estate sold, according to their respective priorities, so far as the same operated as a lien on the estate of the deceased at the time of his death, which shall be apportioned and determined by the court; *third,* to the discharge of claims and debts, in the order mentioned in article 5 of this act." (G. S. 1935, 22-824.)

Do these provisions of the statute require that under all circumstances all real property belonging to an insolvent estate, encumbered as well as unencumbered, must be sold at the instance of any person holding a demand against the estate? This court has never so held. In *Bowlus, Executor, v. Winters,* 117 Kan. 726, 233 Pac. 111, the power of an executor to sell mortgaged property for the purpose of paying off the mortgage was called in question. In that case the encumbrance on the property was $1,500. The executor sold the property for $7,000. During the negotiations for its sale, foreclosure proceedings were instituted which would have gone to judgment if the sale had not been consummated. Clearly that sale by the executor was for the benefit of the estate. Moreover, in that case the executor desired to sell the property, and the probate court gave its sanction and approval to the sale. In contrast with that case, in the one at bar, where the properties are encumbered for more than

they are worth, it could not be of any advantage to the estate to have them sold by order of the probate court, and such sale would obviously be to its disadvantage since it would lose the privilege accorded to all mortgagors and those holding under them personally or in a representative capacity, the equity of redemption. Moreover, on two of the mortgaged properties there are rights of a junior lienholder which are entitled to consideration. If the properties were sold by order of the probate court, that junior lien would be summarily wiped out. By further contrast with the Bowlus case, in this case the administratrix does not desire to sell the mortgaged properties with which appellant is concerned. And the probate court has refused to order her to do so. Some early cases where the sale of mortgaged property by authority or approval of the probate court has been upheld by this court were *Fudge v. Fudge,* 23 Kan. 416; *Graham v. Graham,* 38 Kan. 440, 17 Pac. 152, and our recent case of *Fry v. Heargrave,* 129 Kan. 547, 283 Pac. 626, is to the same effect. That the separation of a promissory note from its incidental security and its presentation in court for adjudication may lead to unwanted results under modern conceptions of justice is not urged in this case; but see *Kaw Valley State Bank v. Thompson,* 140 Kan. 726, 37 P. 2d 985.

To say that the statute authorizes the sale of mortgaged real estate to pay the debts of the decedent is one thing. (24 C. J. 550.) But it is quite a different matter to say that the probate court is bound to order the administratrix to sell mortgaged real estate notwithstanding such sale would not contribute one dime toward the payment of the unsecured debts of the estate. And furthermore, if the probate court, the district court, and this court—all three—should give countenance to the maneuvers instituted by appellant to have these mortgaged properties sold by the probate court, it is not certain that appellant would have thereby succeeded in cutting off the equity of redemption. On this point see *In re Estate of Wood,* 118 Kan. 548, 551, 235 Pac. 864, and *State Bank v. Diamond,* 119 Kan. 294, 239 Pac. 970. Certain it is that if the right of a mortgagor of real property to the leniency of a period of time after its forced sale to make provision for its redemption could be circumvented by an *in invitum* order of a probate court, then our statute (G. S. 1935, 60-3439), which aims to give such consideration to the debtor, is scarcely entitled to the many encomiums which admiring jurisconsults have given it. Counsel for appellees cite an

early Wisconsin case, *Crow v. Day, Adm'r, etc.*, 69 Wis. 637, 642, 35 N. W. 45, where the supreme court of that state affirmed a decision of the circuit court which had overruled an order of the county (probate) court approving a sale of lands of a decedent so heavily encumbered that no benefit to the estate or to general creditors could be derived from such sale. While the main point was a question of jurisdiction of the probate court to approve the sale, the remarks of the supreme court are pertinent here:

"If the county court had clear jurisdiction in the matters, as claimed by the petitioner, it certainly ought not to have put this insolvent estate to the expense of selling the land, when it is absolutely certain that it could not have been sold at such price as would more than pay the mortgage debt. According to the petition, neither the estate, the creditors, nor the administrator, the widow, nor the heirs, nor any one except the petitioner himself, has any interest in such a sale, except to pay the expenses, or would in any respect be benefited by it." (p. 642.)

See, also, *Amos, Adm'r, v. Livingston*, 26 Kan. 106, 109.

The error assigned on this phase of the appeal cannot be sustained.

Another error is urged on our attention. It appears that in the mortgages securing the notes, which were the basis of appellant's claims in the probate court, there were recitals assigning to the mortgagee the rents of the properties to be applied on any delinquencies in payment of insurance, taxes and the like. This matter was not called to the probate court's attention. It was first raised in the district court when the cause was brought there on appeal. But while the cause on appeal is tried *de novo*, it is nevertheless an appeal, and the matter of rents was not before the district court at the time. Indeed, after this cause was pending in the district court, appellant returned to the probate court and made application for an order directing the administratrix to pay to appellant the rents collected by her after June 30, 1937. (This date was named in deference to the fact that chapter 219 of the Laws of 1937 took effect at that time.) That application was denied and the probate court's ruling thereon was brought to the district court on a separate appeal. That appeal is still pending and undetermined in that tribunal. Manifestly, we can have nothing to say on that phase of this litigation at this time.

The judgment is affirmed.