No. 35,647

THE KANSAS CITY LIFE INSURANCE COMPANY, *Appellee,* v. GEORGE M. BELLAIRS and BETH BELLAIRS, *Appellants.*

(131 P. 2d 892)

Opinion filed December 12, 1942.

*Archie T. MacDonald,* of McPherson, argued the cause for the appellants.

*Lloyd F. Cooper,* of Wichita, argued the cause, and *James A. Cassler* and *L. H. Ruppenthal,* both of McPherson, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was a suit to foreclose a mortgage on a five-room residential property in McPherson, and the questions presented for review center about the period of redemption and a receiver's possession of the property during that interval.

The property was sold on October 27, 1941, and the sale was confirmed on October 31. In its order of confirmation the court made a finding that the mortgage indebtedness had been incurred for the

purchase of the property, and that less than one-third of the price had been paid, and in harmony with that finding the redemption period was fixed at six months. (G. S. 1935, 60-3439.)

On November 29, 1941, defendants moved to set aside the order of confirmation, alleging facts which if proved would show that the mortgage indebtedness was not for purchase money. Before that motion was ruled on, defendants filed a second amended motion to the same effect. It contained extended allegations of fact touching plaintiff's acquisition of the property, and it also alleged that defendants had been given no notice that a question of their abondonment of the property would be raised so as to reduce the regular redemption period from eighteen months to six months.

Defendants' motions were sustained; the order of confirmation was set aside and vacated; and the court granted a hearing on the question of the proper period of redemption.

At that hearing defendants testified to the circumstances under which they acquired the property, which was then covered by a mortgage, that they had added a room to the house, built a garage, planted shrubbery and constructed a curbing and driveway at an expense of $500, and to secure funds for those improvements they made arrangements to have the existing mortgage taken up and a new mortgage executed for a larger amount. In 1937 the principal defendant was compelled to go to Missouri to attend to some mining interests. At that time the McPherson home was furnished. Defendants' sojourn in Missouri was protracted because of adverse conditions, including a flood which damaged their mining property. While in Missouri the principal defendant repeatedly signed business contracts designating himself as Geo. M. Bellairs, of McPherson, Kan. In 1940 they moved almost all their household furniture to Missouri because of housekeeping necessities. Both defendants testified they never intended to abandon their home in McPherson, and during their protracted stay in Missouri they refrained from voting there. For a time their McPherson home was rented and the rents collected and applied toward the payment of installments on the mortgage. (After the action to foreclose the mortgage was begun, plaintiff obtained an *ex parte* order appointing a receiver for the property on a motion which alleged that defendants were nonresidents of Kansas, that the property was unoccupied, and that it was probably insufficient to pay the mortgage indebtedness thereon.)

On cross-examination of defendant George M. Bellairs, he ad-

mitted that on June 1, 1941, he had written to a Mr. Vaughn of Wichita who held some position with a loan company (possibly the assignor of plaintiff) in which defendant said he would raise some money and make his account current. Defendant also identified a copy of a letter he had received from Vaughn a few days later, reminding defendant of his letter of June 1, and stating that no payment had yet been received, and adding that unless the matter was given attention suit to foreclose the mortgage would be commenced. Bellairs also identified a copy of a letter written on plaintiff's stationery, signed by one L. R. Williams, recapitulating the earlier correspondence and warning Bellairs that everything was ready to commence suit in foreclosure, but giving him ten days further respite. Appellee's abstract contains synopses of more correspondence to like effect, but none of it is material.

Within two weeks after the judgment, sale, and confirmation of sale, Bellairs again wrote to Vaughn inquiring about the status of the McPherson property, saying, "We get inquiries as to rental, and if it is ours to rent as yet and no one in it, the plumbing should be drained, also please let me know what steps to take to recover the property."

It was also shown that the property was vacant for about a month in the autumn of 1940. It was rented for the months of November and December of that year. In the following February no rent was collected. After the receiver was appointed, date not shown, some rents were collected.

About the same time of the foregoing hearing, defendants made an oral application to discharge the receiver. That application was denied. The court also denied defendants' motion to fix the redemption period at eighteen months, and fixed it at six months from October 27, 1941, the date of the sale in foreclosure—giving as its reason therefor, "the abandonment of said property by the defendants."

The court also allowed the receiver $100 for his services, $50 of which should be paid out of proceeds of rental collections, and $50 should be taxed as costs and paid by the plaintiff, and the balance of the rental collections, $113.21, in the receiver's hands was ordered continued until the end of the six months' redemption period or until redemption should be effected.

Defendants appeal. It has taken considerable space to summarize

the record. That done, however, the legal questions can be shortly disposed of. There was no substantial evidence to justify a finding that defendants had abandoned .the property. All the competent evidence was to the contrary. The correspondence between Vaughn and Bellairs, which appellee presents for our perusal in its counter-abstract, has not the slightest probative significance on the question of abandonment. Neither has Bellairs' inquiry "as to rental, . . . if it is ours to rent as yet." On the contrary, it tends to show that Bellairs was not disposed to abandon his interest in the property. This conclusion disposes altogether of the question as to the period of redemption. It should have been fixed at eighteen months from the date of the sale in foreclosure.

Touching the continuance of the receivership during the remainder of the redemption period, that order, too, was erroneous. The record shows no justification for the appointment of a receiver in the first place, but no error is assigned on that point—even if it were now open to review, which is doubtful. But nothing is more sacred in Kansas law than the provision made to protect the judgment debtor in his exclusive right to the possession, emblements, rents and profits of his property sold in foreclosure during the redemption period. (*Smith v. Shaver,* 112 Kan. 790, 212 Pac. 666; *Slabaugh v. State Bank,* 123 Kan. 484, 256 Pac. 139; *Capitol B. & L. Ass'n v. Ross,* 134 Kan. 441, 7 P. 2d 86; *Aley v. Schroeder,* 144 Kan. 739, 62 P. 2d 885; *In re Estate of Hartley,* 148 Kan. 82, 80 P. 2d 1.)

The judgment is reversed and the cause remanded with instructions to fix the redemption period at eighteen months from date of sale, and to discharge the receiver forthwith.